IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| STEVEN HOTZE, M.D.; WENDELL CHAMPION; HON. STEVE TOTH; and SHARON HEMPHILL,<br><br>Plaintiffs,<br><br>v.<br><br>CHRIS HOLLINS, in his official capacity as Harris County Clerk,<br><br>*Defendants*,<br><br>and<br><br>MJ FOR TEXAS; DSCC; DCCC; MARY CURRIE; CARLTON CURRIE JR.; JEKAYA SIMMONS; and DANIEL COLEMAN,<br><br>*Proposed Intervenor-Defendants*. | Civil Action No. 4:20-CV-03709 |

**[PROPOSED] ANSWER TO COMPLAINT FOR EMERGENCY INJUNCTIVE RELIEF**

Intervenor-Defendants MJ for Texas, DSCC, DCCC, Mary Currie, Carlton Currie, Jr., JeKaya Simmons, and Daniel Coleman, by and through their attorneys, submit the following Answer to Plaintiffs' Complaint for Emergency Injunctive Relief ("Complaint"). Intervenor-Defendants respond to the allegations in the Complaint as follows:

**NATURE OF THE ACTION**

1. Paragraph 1 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Intervenors-Defendants deny the allegations.

2. Paragraph 2 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Intervenor-Defendants deny the allegations.

## THE PARTIES

3. Intervenor-Defendants are without sufficient information or knowledge with which to form a belief as to the truth or falsity of the allegations in Paragraph 3.

4. Intervenor-Defendants admit the allegations in Paragraph 4.

5. Intervenor-Defendants admit the allegations in Paragraph 5.

6. Intervenor-Defendants admit that Plaintiff Hemphill is the Republican nominee for judge of the Texas 80th District Court, Harris County, Texas. Intervenor-Defendants admit that Plaintiff Hemphill is on the ballot in the general election on November 3, 2020, and that she advanced from the Republican primary on March 3, 2020. Intervenor-Defendants are without sufficient information or knowledge with which to form a belief as to the remaining allegations in Paragraph 6.

7. Intervenor-Defendants admit that Chris Hollins is the Harris County Clerk. The remainder of Paragraph 7 contains mere characterizations, legal contentions, and conclusions to which no response is required.

## JURISDICTION

8. Paragraph 8 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Intervenor-Defendants deny the allegations.

## VENUE

9. Intervenor-Defendants admit that Defendant works in Harris County. Intervenor-Defendants are without sufficient information or knowledge with which to form a belief as to whether Plaintiff Hotze resides in Harris County. The remainder of Paragraph 9 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Intervenor-Defendants deny these allegations.

## STANDING

10. Intervenor-Defendants deny the allegations of Paragraph 10.

11. Intervenor-Defendants deny the allegations of Paragraph 11.

12. Intervenor-Defendants admit that Plaintiff Champion is the Republican nominee for the 18th Congressional District, Harris County, Texas. Intervenor-Defendants deny the remainder of the allegations in Paragraph 12.

13. Intervenor-Defendants admit that Plaintiff Hemphill is also on the November 3, 2020, general election ballot in Harris County, Texas. Intervenor-Defendants deny the remainder of the allegations in Paragraph 13.

14. Intervenor-Defendants admit that Representative Steve Toth is a member of the Texas Legislature and is also on the November 3, 2020, general election ballot. Intervenor-Defendants deny the remainder of the allegations in Paragraph 14.

15. Paragraph 15 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Intervenor-Defendants deny the allegations.

16. Intervenor-Defendants admit that Defendant Hollins has the responsibility for conducting countywide special and general elections and for handling absentee voting in Harris County. The remainder of Paragraph 16 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Intervenor-Defendants deny the allegations.

17. Paragraph 17 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Intervenor-Defendants deny the allegations.

18. Paragraph 18 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Intervenor-Defendants deny the allegations.

19. Paragraph 19 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Intervenor-Defendants deny the allegations.

20. Intervenor-Defendants are without sufficient information or knowledge with which to form a belief as to whether the transcription set forth in Paragraph 20 is accurate. Intervenor-Defendants otherwise deny the remainder of the allegations in Paragraph 20.

21. Paragraph 21 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Intervenor-Defendants deny the allegations.

22. Intervenor-Defendants deny that Harris County's drive-thru voting plan turns a car into a polling location. Intervenor-Defendants are without sufficient information or knowledge with which to form a belief as to whether the drive-thru voter exits their vehicle to vote. Intervenor-Defendants are without sufficient information or knowledge with which to form a belief as to whether the voters sit in their cars as the e-slate is hand delivered to the voters who then cast their votes within the confines of their vehicles. Intervenor-Defendants are without sufficient information or knowledge with which to form a belief as to whether Exhibit B contains photos of voters utilizing drive-thru voting. Intervenor-Defendants deny the remainder of the allegations in Paragraph 22.

23. Paragraph 23 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Intervenor-Defendants deny the allegations.

24. Paragraph 24 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Intervenor-Defendants deny the allegations.

25. Intervenor-Defendants are without sufficient information or knowledge with which to form a belief as to whether Harris County accounts for nearly 15 percent of all registered voters in Texas. Intervenor-Defendants admit that to date, over 100,000 drive-thru votes have been cast in Harris County.

## COUNT I

26. Intervenor-Defendants incorporate by reference all of their responses in the preceding and ensuing paragraphs as if fully set forth herein.

27. Paragraph 27 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Intervenor-Defendants deny the allegations.

28. Paragraph 28 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Intervenor-Defendants deny the allegations.

29. Paragraph 29 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Intervenor-Defendants deny the allegations.

30. Paragraph 30 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Intervenor-Defendants deny the allegations.

31. Paragraph 31 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Intervenor-Defendants deny the allegations.

32. Paragraph 32 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Intervenor-Defendants deny the allegations.

33. Paragraph 33 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Intervenor-Defendants deny the allegations.

34. Paragraph 34 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Intervenor-Defendants deny the allegations.

35. Paragraph 35 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Intervenor-Defendants deny the allegations.

36. Paragraph 36 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Intervenor-Defendants deny the allegations.

37. Paragraph 37 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Intervenor-Defendants deny the allegations.

38. Paragraph 38 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Intervenor-Defendants deny the allegations.

39. Paragraph 39 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Intervenor-Defendants deny the allegations.

40. Paragraph 40 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Intervenor-Defendants deny the allegations.

41. Intervenor-Defendants are without sufficient information or knowledge with which to form a belief as to whether Sen. Paul Bettencourt made the statement attributed to him in Paragraph 41. The remainders of the allegations in Paragraph 41 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Intervenor-Defendants deny the allegations.

42. Paragraph 42 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Intervenor-Defendants deny the allegations.

43. Paragraph 43 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Intervenor-Defendants deny the allegations.

44. Paragraph 44 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Intervenor-Defendants deny the allegations and specifically deny the requested relief set forth in Paragraph 44 is warranted or appropriate.

45. Paragraph 45 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Intervenor-Defendants deny the allegations and specifically deny the requested relief set forth in Paragraph 45 is warranted or appropriate.

**AFFIRMATIVE DEFENSES**

Intervenor-Defendants set forth their affirmative defenses without assuming the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiffs. Moreover, nothing stated here is intended or shall be construed as an admission that any particular issue or subject matter is relevant to the allegations in the Complaint. Intervenor-Defendants reserve the right to amend or supplement their affirmative defenses as additional facts concerning defenses become known.

As separate and distinct affirmative defenses, Intervenor-Defendants allege as follows:

This Court lacks subject-matter jurisdiction to adjudicate Plaintiffs' claims.

Plaintiffs lack standing to assert their claims.

Plaintiffs fail to state a claim on which relief can be granted.

This Court lacks jurisdiction to grant Plaintiff the relief they seek.

This Court must abstain under *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), and *Railroad Commission v. Pullman Co.*, 312 U.S. 496 (1941).

**PRAYER FOR RELIEF**

WHEREFORE, Intervenor-Defendants request that this Court:

    A. Deny Plaintiffs any requested relief;

    B. Dismiss the Complaint in its entirety, with prejudice; and

    C. Grant other and further relief as the Court may deem just and proper.

October 30, 2020

Marc E. Elias*
Daniel C. Osher*
Christina A. Ford*
PERKINS COIE LLP
700 Thirteenth Street, N.W., Suite 800
Washington, D.C. 20005-3960
Telephone: (202) 654-6200
Fascimile: (202) 654-9996
melias@perkinscoie.com
dosher@perkinscoie.com
christinaford@perkinscoie.com

*ptro Hac Vice* Motion Forthcoming

Respectfully submitted,

*/s/ Skyler M. Howton*
Skyler M. Howton
PERKINS COIE LLP
500 North Akard St., Suite 3300
Dallas, TX 75201-3347
Telephone: (214) 965-7700
Facsimile: (214) 965-7799
showton@perkinscoie.com

Matthew J. Mertens*
PERKINS COIE LLP
1120 N.W. Couch Street
Portland, O.R. 97209-4128
Telephone: (503) 727-2000
Facsimile: (503) 727-2222
mmertens@perkinscoie.com