IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| STEVEN HOTZE, M.D.; WENDELL CHAMPION; HON. STEVE TOTH; and SHARON HEMPHILL,<br><br>*Plaintiffs*,<br><br>v.<br><br>CHRIS HOLLINS, in his official capacity as Harris County Clerk,<br><br>*Defendants*,<br><br>and<br><br>MJ FOR TEXAS; DSCC; DCCC; MARY CURRIE; CARLTON CURRIE; JEKAYA SIMMONS; and DANIEL COLEMAN,<br><br>*Proposed Intervenor-Defendants* | Civil Action No. 4:20-cv-03709 |

**PROPOSED INTERVENOR-DEFENDANTS' MOTION FOR LEAVE TO FILE OPPOSITION TO PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION**

Proposed Intervenor-Defendants MJ for Texas, DSCC, DCCC, Mary Currie, Carlton Currie, Jr. Jekaya Simmons, and Daniel Coleman seek leave to file the attached Memorandum in Opposition to Plaintiffs' Motion for a Preliminary Injunction.

Plaintiffs filed this suit three days ago and a motion for preliminary injunction yesterday. ECF Nos. 1, 3. Just hours after the preliminary injunction motion was filed, Proposed Intervenor-Defendants filed their motion to intervene. ECF No. 5. Soon thereafter, this Court set a hearing on all three of these filings for this coming Monday, November 2, 2020. ECF No. 6.

For the reasons discussed in the Motion to Intervene and Memorandum in Support, ECF

No. 5, the Proposed Intervenor-Defendants meet the requirements for intervention as of right under Federal Rule of Civil Procedure 24(a)(2), or permissive intervention under Rule 24(b). Recognizing that their Motion to Intervene has not yet been granted, Proposed Intervenor-Defendants respectfully seek leave of the Court to file the attached opposition to Plaintiffs' Motion for a Preliminary Injunction because the Court will hear both motions concurrently at Monday's hearing. Should this Court ultimately grant Proposed Intervenor-Defendants' Motion to Intervene, this Court will then have the benefit of Intervenor-Defendants' briefing and perspective on Plaintiffs' substantive motion. For the same reason, Proposed Intervenor-Defendants also request that this Court allow them to offer arguments on the merits of Plaintiffs' preliminary injunction at the hearing.

Proposed Intervenor-Defendants' request is consistent with the Fifth Circuit's permissive approach to intervention, *see re In re Beef Indus. Antitrust Litig.,* 589 F.2d 786, 788-89 (5th Cir. 1979*)*, and recognition that intervention will allow courts to "dispos[e] of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *Sierra Club v. Espy*, 18 F.3d 1202, 1207 (5th Cir. 1994) (citation omitted). During this election cycle, other courts have granted political parties the opportunity to file briefs and participate fully in temporary injunction hearings before their motion to intervene was granted. *See, e.g.*, Order, *DSCC v. Simon*, 62-cv-20-585 (Gilligan, J.) (Minn. Dist. Ct. April 16, 2020) ("The Proposed Intervenors [Republican National Committee and Minnesota Republican Party] shall be allowed to provisionally participate in the briefing and oral arguments of the pending motion for temporary injunction while the court considers their motion to intervene.").

This approach makes good sense. "The very purpose of intervention is to allow interested parties to air their views so that a court may consider them before making potentially adverse

decisions." *Brumfield v. Dodd*, 749 F.3d 339, 345 (5th Cir. 2014). If Proposed Intervenor-Defendants are not able to explain why Plaintiffs' motion should be denied, Plaintiffs will have been able to advances arguments which, if accepted, could substantially impair Proposed Intervenor-Defendants' interests without their participation.

For those reasons, the Proposed Intervenor-Defendants respectfully request this Court grant their Motion for Leave to File an Opposition to Plaintiffs' Motion for a Preliminary Injunction, which is attached as Exhibit A to this Motion, as well as permit Proposed Intervenor-Defendants to argue on the merits at Monday's hearing if this Court has not yet resolved Proposed Intervenor-Defendants' Motion to Intervene.

October 31, 2020

Marc E. Elias*
John Devaney*
Daniel C. Osher*
Christina A. Ford*
PERKINS COIE LLP
700 Thirteenth Street, N.W., Suite 800
Washington, D.C. 20005-3960
Telephone: (202) 654-6200
Fascimile: (202) 654-9996
melias@perkinscoie.com
jdevaney@perkinscoie.com
dosher@perkinscoie.com
christinaford@perkinscoie.com

*Pro hac vice* motion pending

Respectfully submitted,

*/s/ Skyler M. Howton*
Skyler M. Howton
PERKINS COIE LLP
500 North Akard St., Suite 3300
Dallas, TX 75201-3347
Telephone: (214) 965-7700
Facsimile: (214) 965-7799
showton@perkinscoie.com

Matthew J. Mertens*
PERKINS COIE LLP
1120 N.W. Couch Street
Portland, O.R. 97209-4128
Telephone: (503) 727-2000
Facsimile: (503) 727-2222
mmertens@perkinscoie.com

**CERTIFICATE OF CONFERENCE**

Pursuant to the Local Rules and Standing Orders and Procedures of this Court, I hereby certify that counsel for movant Intervenor-Defendants conferred with counsel for Defendant regarding this motion, and Defendant does not oppose the motion. Intervenor-Defendants' counsel, Daniel Osher, contacted Plaintiffs' counsel, Mr. Jared R. Woodfill, by email at 12:59 PM seeking Plaintiffs' position, and emailed a copy of the motion to Plaintiffs' counsel at 7:03 PM on October 31, 2020, but received no response.

Intervenor-Defendants are aware of and wish to comply with Section 7(c)(3) of this Court's Civil Procedures, which state that the conference requirement under Local Civil Rule 7.1 will not be considered "satisfied by an unsuccessful attempt to reach opposing counsel occurring less than two full business days before a motion is filed." However, given that the hearing will occur on the next occurring business day, and that the Court's order scheduling the hearing was issued yesterday, Intervenor-Defendants respectfully request that this Court consider their attempts to reach Plaintiffs' counsel sufficient to satisfy Local Rule 7.1.

Certified to on October 31, 2020

*/s/ Skyler M. Howton*
Skyler M. Howton

**CERTIFICATE OF SERVICE**

I hereby certify that on October 31, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which automatically serves notification of the filing on counsel for all parties.

*/s/ Skyler M. Howton*
Skyler M. Howton