# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| STEVEN HOTZE, M.D.; WENDELL CHAMPION; HON. STEVE TOTH; and SHARON HEMPHILL,<br><br>    Plaintiffs,<br><br>    v.<br><br>CHRIS HOLLINS, in his official capacity as Harris County Clerk;<br><br>    Defendants. | Case No. 4:20-cv-03709 |

## **DECLARATION OF GARY L. BLEDSOE**

    1.    My name is Gary L. Bledsoe. I am over 18 years of age and am competent to make this declaration.

    2.    I have personal knowledge of the matters stated herein and would testify to the same if called as a witness in Court.

    3.    I am the President of the Texas State Conference of NAACP Branches; and have been since 1991.

    4.    I am a member in good standing of this federal district court.

    5.    I have been a member of the National Board of the NAACP since 2003. I am currently the Chair of the Housing Committee and Vice-Chair of the Legal Committee of the National NAACP.

    6.    I have received several lawyers of the year awards, awards for legal acumen from the Texas Attorney General and the Travis County Bar Association, and awards for Man of the Year from the Houston Association for Business and Professional Women and Educator of the

1

Year from the Houston Lawyer's Association.  I also received the Administrator of the Year Award from the Student Bar Association of the Thurgood Marshall School of Law.  Under my leadership the NAACP of Texas has won awards from the National NAACP for having the most outstanding and far reaching litigation record in particular years.

7. The Texas State Conference of NAACP Branches ("Texas NAACP") is a subsidiary organization of the National Association for the Advancement of Colored People, Inc. ("NAACP"), a national non-profit, non-partisan organization founded in 1909.  The first Texas branches of the NAACP were formed in 1915, and the Texas State Conference was formally organized in 1937.  The Texas NAACP is one of the oldest and one of the largest and most significant organizations promoting and protecting the civil rights of persons of color in Texas.

8. The Texas NAACP's mission is to secure the political, educational, social, and economic equality of rights in order to eliminate race-based discrimination and ensure the health and well-being of all persons.  To achieve its mission, the Texas NAACP engages in voter education and registration and other civic engagement activities.

9. The Texas NAACP is headquartered in Austin and has nearly 100 units, as well as members in many Texas counties.  A large portion of the organization's more than 10,000 members are Texas residents who are registered to vote in Texas.  The Texas NAACP's membership consists largely of African Americans but it is diverse, and it considers among its constituents and supporters to be people of color and/or members of other underrepresented and vulnerable populations.

10. Many of the Texas NAACP's members and constituents are more likely than many other populations to live in poverty, work in essential jobs that require more frequent exposure to the public, and suffer from underlying conditions that put them at risk of becoming more seriously ill from COVID-19. We have actively sought to provide safe alternatives for our members,

constituents and others during this election cycle amidst the ongoing pandemic. We filed an amicus brief before the Supreme Court and filed lawsuits seeking both to ensure safe polling places and that all votes would be counted. We have also encouraged voters to turn out and vote, and have undertaken significant efforts in Harris County, where a number of our members have sought mobile drive through options so they can vote safely. These matters are seen as even more important due to the recent public awareness of the United States Postal Service's actions, which could compromise the successful counting of mail-in ballots even if they are mailed in what previously would have been considered timely fashion.

11. The relief requested by the Plaintiffs in the case, if granted by the Court, would frustrate the Texas NAACP's mission, get out the vote, and voter protection efforts. In particular, the Texas NAACP would have to divert resources from its ongoing programs and initiatives, which include educating Harris County members and constituents specifically, and Texas voters generally, who are at risk due to COVID-19 and cannot vote in person at a polling place on Election Day about the availability of drive-through voting.

12. The Texas NAACP has to retool its get out the vote efforts midstream to help Harris County voters who wanted to utilize drive-through voting, and to try to assist, educate, and respond to concerns raised by voters who utilized, and wish to utilize, drive-through voting and are concerned that their vote may not count and are assessing their options.

13. The Texas NAACP will most likely be required to respond to confused voters who voted by regular curbside and now think their vote is at risk of being tossed out as a result of this litigation. Some voters have already asked if we will attempt to protect their vote.

14. In the context of COVID-19, these burdens are even more severe, and the resources that the Texas NAACP will need to divert from its other programs in order to combat these burdens are even more substantial.

15. Many of the Texas NAACP's members and constituents in Harris County have utilized, and planned to utilize, drive-through voting this year to protect their physical health and the health of others in their communities, particularly given the threat of COVID-19. The Texas NAACP has been educating its members and constituents and, until learning about this lawsuit, encouraging Harris County voters to utilize the drive-through voting option.

16. Because of widespread reports of delays in mail processed by the United States Postal Service, because the Texas NAACP State Conference Secretary has noticed timeliness issues with the mail in Texas and taken remedial actions in response, and because there is only one absentee ballot drop-off location in Harris County, many of the Texas NAACP's members, supporters and constituents used drive-through voting or plan to utilize drive-through voting to ensure that their ballots are timely received and counted. Juli McShay, Nickolas Spencer, Barbara Bratter and Dr. Alexander Brown are among the Texas NAACP members who utilized the drive-through voting options.

17. In the past few days, the Texas NAACP has been forced to rapidly and unexpectedly divert resources away from its ongoing voter education and registration activities and redeploy them towards educating voters about the potential impact of this litigation and the risk that if they utilize drive-through voting their ballot may not be counted.

I declare that the foregoing is true and correct under penalty of perjury. Executed this 1st day of November, 2020, in Austin, Texas.

_____
Gary L. Bledsoe