IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| STEVEN HOTZE, M.D.; WENDELL CHAMPION; HON. STEVE TOTH; and SHARON HEMPHILL, <br><br> Plaintiffs, <br><br> v. <br><br> CHRIS HOLLINS, in his official capacity as Harris County Clerk; <br><br> Defendant. | Case No. 4:20-cv-03709 |

**ANSWER OF [PROPOSED] INTERVENOR-DEFENDANTS
TEXAS STATE CONFERENCE OF NAACP BRANCHES, COMMON CAUSE TEXAS,
YEKATERINA SNEZKOVA AND ANDREA CHILTON GREER**

Proposed Intervenor-Defendants Texas State Conference of NAACP Branches ("Texas NAACP"), Common Cause Texas, Yekaterina Snezkova and Andrea Chilton Greer (collectively, "Proposed Intervenors"), through their undersigned counsel, for their answer and affirmative defenses to Plaintiffs' Complaint for Emergency Injunctive Relief ("Complaint") state, upon knowledge as to their own conduct and information and belief as to the conduct of others, as follows:

1.  Proposed Intervenors deny the allegations in Paragraph 1 of the Complaint, except deny knowledge or information sufficient to form a belief as to whether any other county in Texas has implemented drive-thru voting at any of its polling locations.

2.  Paragraph 2 states legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations in Paragraph 2 of the

1

Complaint.

3. Proposed Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint.

4. Proposed Intervenors admit the allegations in Paragraph 4 of the Complaint.

5. Proposed Intervenors admit the allegations in Paragraph 5 of the Complaint.

6. Proposed Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint, except admit that Plaintiff Hemphill is the Republican nominee for judge of the Texas 80th District Court, Harris County, Texas and is on the ballot in the November 3, 2020 general election.

7. Proposed Intervenors admit the allegations in Paragraph 7 of the Complaint.

8. Paragraph 8 of the Complaint states legal conclusions to which no response is required.

9. Paragraph 9 of the Complaint states legal conclusions to which no response is required.

10. Proposed Intervenors deny the allegations in paragraph 10 of the Complaint.

11. Proposed Intervenors deny the allegations in paragraph 11 of the Complaint.

12. Proposed Intervenors deny the allegations in paragraph 12 of the Complaint, except admit that Plaintiff Champion is the Republican nominee for the 18th District, Harris County, Texas.

13. Proposed Intervenors deny the allegations of paragraph 13 of the Complaint, except admit that Plaintiff Hemphill is on the November 3, 2020 general election ballot in Harris County, Texas.

14. Proposed Intervenors admit the allegations in the first sentence of paragraph 14 of

the Complaint, and deny the allegations in the remainder of paragraph 14.

15. Paragraph 15 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations in the last sentence of paragraph 15 and admit the remainder of paragraph 15.

16. Paragraph 16 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenors admit that Defendant Hollins is the early voting clerk for Harris County and otherwise deny the allegations in paragraph 16 and refer to the Texas Election Code for its full terms and effect.

17. Paragraph 17 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations in paragraph 17 and refer to the Texas Election Code for its full terms and effect.

18. Paragraph 18 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations in paragraph 18 and refer to the Texas Election Code for its full terms and effect.

19. Proposed Intervenors deny the allegations in paragraph 19 of the Complaint.

20. Proposed Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint.

21. Proposed Intervenors deny the allegations in paragraph 21 of the Complaint.

22. Proposed Intervenors deny the allegations in the first sentence of paragraph 22 of the Complaint, and deny knowledge or information sufficient to form a belief as to the truth of the allegations in the remainder of paragraph 22.

23. Paragraph 23 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations in

paragraph 23 and refer to the Texas Election Code for its full terms and effect.

24. Proposed Intervenors deny the allegations in paragraph 24 of the Complaint, and refer to Attorney General Ken Paxton's October 16, 2020 letter for its full terms and effect.

25. Proposed Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint.

26. Proposed Intervenors incorporate their responses set forth in paragraphs 1 through 25 above.

27. Proposed Intervenors deny the allegations in paragraph 27 of the Complaint.

28. Paragraph 28 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations in paragraph 28 and refer to article I, section 4 of the United States Constitution for its full terms and effect.

29. Paragraph 29 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations in paragraph 29.

30. Paragraph 30 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations in paragraph 30.

31. Paragraph 31 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenors admit the allegations in the first sentence of paragraph 31 and deny the remainder of the allegations in paragraph 31.

32. Paragraph 32 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations in

paragraph 32 of the Complaint.

33. Paragraph 33 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations in paragraph 33 and refer to the Texas Election Code for its full terms and effect.

34. Paragraph 34 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations in paragraph 34 and refer to the Texas Election Code for its full terms and effect.

35. Paragraph 35 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations in paragraph 35 and refer to the Texas Election Code for its full terms and effect.

36. Paragraph 36 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations in paragraph 36 and refer to the Texas Election Code for its full terms and effect.

37. Paragraph 37 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations in paragraph 37.

38. Paragraph 38 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations in paragraph 38.

39. Paragraph 39 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations in paragraph 39.

40. Paragraph 40 of the Complaint states legal conclusions to which no response is

required. To the extent a response is required, Proposed Intervenors deny the allegations in paragraph 40.

45. Paragraph 41 of the Complaint [sic]

41. Proposed Intervenors deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the Complaint.

42. Paragraph 42 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenors admit that Plaintiffs purport to bring this action pursuant to 42 U.S.C. § 1983.

43. Paragraph 43 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations in paragraph 43 except admit that Plaintiffs seek injunctive relief under Rule 65 of the Federal Rules of Civil Procedure.

44. Paragraph 44 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations in paragraph 44.

45. Paragraph 45 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenors admit that Plaintiffs seek attorneys' fees from Defendant Hollins under 42 U.S.C. § 1988.

### As and for a First Affirmative Defense

Plaintiffs lack standing to bring this action.

### As and for a Second Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

### As and for a Third Affirmative Defense

This Court must abstain from hearing this action under *Colorado River Water*

*Conservation District v. United States*, 424 U.S. 800 (1976), *Railroad Commission v. Pullman Co.*, 312 U.S. 496 (1941), and *Younger v. Harris*, 401 U.S. 37 (1971).

### As and for a Fourth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrines of res judicata and collateral estoppel.

### As and for a Fifth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches and undue delay.

### As and for a Sixth Affirmative Defense

Plaintiffs' claim for injunctive relief is barred under *Purcell v. Gonzalez*, 549 U.S. 1 (2006).

Dated: November 1, 2020

Jon Greenbaum*
Ezra Rosenberg*
John Libby*
John Powers*
Voting Rights Project
LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW
1500 K Street NW, Suite 900
Washington, DC 20005
Tel: (202) 662-8300
jgreenbaum@lawyerscommittee.org
erosenberg@lawyerscommittee.org
jlibby@lawyerscommittee.org
jpowers@lawyerscommittee.org

Robert Notzon
THE LAW OFFICE OF ROBERT NOTZON
1502 West Ave.
Austin, Texas 78701
Tel: (512) 474-7563
robert@notzonlaw.com

Nickolas Spencer
SPENCER & ASSOCIATES, PLLC
8403 Westglen Drive, Suite 2000
Houston, TX 77063
Tel: (713) 863-1409
nas@naslegal.com

Respectfully submitted,

*/s/* Lindsey B. Cohan
Lindsey B. Cohan
DECHERT LLP
500 W. 6th Street, Suite 2010
Austin, Texas 78701
Tel: (512) 394-300
lindsey.cohan@dechert.com

Neil Steiner*
May Chiang*
Julia Markham-Cameron*
DECHERT LLP
1095 Avenue of the Americas
New York, New York 10036-6797
Tel: (212) 698-3500
neil.steiner@dechert.com
may.chiang@dechert.com
julia.markham-cameron@dechert.com

Erik Snapp*
DECHERT LLP
35 West Wacker Drive, Suite 3400
Chicago, IL 60601
Tel: (312) 646-5800
Erik.Snapp@dechert.com

*Counsel for Proposed Intervenor-Defendants Texas State Conference of NAACP Branches, Common Cause Texas, Andrea Chilton Greer, and Yekaterina Snezhkova*

*Pro hac vice motion forthcoming

8