

### THE OFFICE OF VINCE RYAN
### COUNTY ATTORNEY

July 29, 2020

The Honorable Christopher Hollins
Harris County Clerk
1001 Preston
Houston, TX 77002

Re:     Election Day "Drive-Thru" voting options

Dear Mr. Hollins:

You inquired with this office as to whether the Harris County Clerk could conduct voting operations in an uncovered parking lot utilizing a "drive-thru" voting ("DTV") system that allows voters to remain in their vehicles while voting. Specifically, you have asked whether such an option would run afoul of statutory requirements that election-day polling locations must be inside a building.  After reviewing statutes and relevant case law on this issue, we have determined that a DTV system would be permissible when operated adjacent to and in conjunction with a polling location in a building.

<p align="center"><u>Background</u></p>

In response to the COVID19 pandemic, the Clerk's office had initiated a pilot program during the primary runoffs to allow drivers to vote while remaining in their cars. Voting occurred within parking structures, and was open to any voter who sought the service. This process was distinct from the current curbside voting process that was statutorily established under Tex. Elec. Code 64.009 (a) for voters that self-identify as being physically unable to enter the polling place without personal assistance or the likelihood of injuring their health. Those voters can request a ballot to the voter at the polling place entrance or curb. Both the pilot DTV program and the curbside program have been successful in creating a safe voting option.

<p align="center" style="color:red; font-size:large;">Exhibit 8</p>

Page 2
Election Day "Drive-Thru" voting options
July 29, 2020

<u>Tex Elec. Code Section 43.031</u>

Section 43.031 requires that the polling place for Election Day "shall be located inside a public building." The express intent of the statute was to prohibit the use of personal residences or private facilities as a voting location, with specific prohibitions of both under Section 43.031(e). While there is limited authority interpreting this section, the plain language of the statute suggests that a polling location must be located within the building.[1] While a polling location must be located within a building, the statute does not expressly prohibit an alternative process adjacent or connected to the main polling location to service voters. As evidenced by the statutory authority granted in Section 64.009(a), the legislature has allowed for alternative voting operations adjacent to an existing polling location. While a free standing polling location must be within a public building, it can be inferred that a polling operation that is outside would be permissible if connected to the main polling site.

<u>Conclusion</u>

Based upon our review of relevant statutes and advisories, we have concluded that a DTV system would be permissible when operated adjacent to and in conjunction with a polling location in a building.  If you have any additional questions, or require further clarification on this matter please contact me at your convenience.

Sincerely,


VINCE RYAN
Harris County Attorney

By: _____

Douglas P. Ray, Special Assistant
Jay Aiyer, Assistant County Attorney



APPROVED:

_____
Robert Soard
First Assistant County Attorney

---

[1] *See generally Brannan v. Dallas Indep. School Dist.*, No. 11-93-350-CV, 1994 WL 16189869 (Tex. App.–Eastland Nov. 17, 1994) (not designated for publication); *Rodriguez v. Vera*, 249 S.W.2d 689 (Tex. App.–San Antonio 1952, no writ); *Trustees of Indep. School Dist. of Cleburne v. Johnson Cty Democratic Exec. Comm.*, 52 S.W.2d 71 (Tex. 1932); Tex. Att'y Gen. Op. KP-0212 (2018).

Exhibit 8