# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| STEVEN HOTZE, M.D. WENDELL CHAMPION, HON. STEVE TOTH, AND SHARON HEMPHILL, | § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | Case No. 4:20-cv-03709 |
| CHRIS HOLLINS, in his official capacity as Harris County Clerk, | § § § § | |
| *Defendant,* | § § | Judge Andrew S. Hanen |
| and | § § | |
| MJ FOR TEXAS; DSCC; DCCC; MARY CURRIE; CARLTON CURRIE JR.; JEKAYA SIMMONS, and DANIEL COLEMAN, | § § § § § | |
| *Proposed Intervenor-Defendants,* | § § | |
| and | § § | |
| CHRISTINA MASSARA, ALAN MAUK, JENN RAINEY, BRIAN SINGH, MARY BACON, KIMBERLY PHIPPS-NICHOL, NYGUEN GRIGGS, NELSON VANEGAS, JESSICA GOODSPERO, AMY ASHMORE, RICHARD FRANKEL, ELAINE FRANKEL, RYAN FRANKEL, CELIA VESELKA, SERGIO ALDANA, RUSSELL "RUSTY" HARDIN, DOUGLAS MOLL, AND CAREY JORDAN, | § § § § § § § § § § § § | |
| *Proposed Intervenor-Defendants.* | § § | |

## DRIVE-THRU VOTERS' MOTION TO INTERVENE

Proposed Intervenor-Defendants Christina Massara, Alan Mauk, Jenn Rainey, Brian Singh, Mary Bacon, Kimberly Phipps-Nichol, Nyguen Griggs, Nelson Vanegas, Jessica

Goodspero, Amy Ashmore, Richard Frankel, Elaine Frankel, Ryan Frankel, Celia Veselka, Sergio Aldana, Russell "Rusty" Hardin, Douglas Moll, and Carey Jordan ("Drive-Thru Voters") respectfully move to intervene as of right and defend this action pursuant to Federal Rule of Civil Procedure 24(a). Alternatively, the Drive-Thru Voters move for permissive intervention pursuant to Rule 24(b).

## I. STATEMENT OF THE ISSUE

Should the Court grant Drive-Thru Voters' motion to intervene as of right, under Rule 24(a), or alternately, by permission under Rule 24(b)?

## II. INTRODUCTION AND SUMMARY OF THE ARGUMENT

All of the Drive-Thru Voters are registered voters in Harris County who cast ballots at one of Harris County's ten drive-thru voting locations between October 13, 2020 and October 30, 2020. The Drive-Thru Voters opted to vote at one of the ten drive-thru voting locations for a wide variety of reasons including the following: Alan Mauk lacks health insurance and did not want to risk exposing himself to COVID. Sergio Aldana tested positive for COVID and did not want to expose others to the virus. Jenn Rainey was physically unable to stand in line after undergoing a medical procedure. Rusty Hardin wanted to vote from the privacy of his vehicle without being approached by advocates passing out materials and urging voters to vote for their candidate.

The Drive-Thru Voters relied on information provided by Harris County and therefore had a good faith belief that their ballot, cast at a drive-thru location, was legal and would be counted in this election. Mary Bacon confidently scheduled her C-section to take place on November 3, 2020 after casting her ballot at a drive-thru location. Other Drive-Thru Voters, including Christina Massara, Jenn Rainey, Amy Ashmore, and Casey Jordan (who recently had a household member test positive for COVID) made plans to be away from Harris County on

2

November 3, 2020 after casting their ballots at the drive-thru locations. These Drive-Thru Voters will not be able to recast their ballots on Election Day if this Court grants Plaintiffs' request and invalidates all ballots cast at drive-thru polling locations.

On October 28, 2020, Plaintiffs filed their Complaint (Dkt. 1) and Motion for a Preliminary Injunction (Dkt. 3), requesting, among other things, that this Court grant a preliminary mandatory injunction against Defendant Hollins and the Harris County Clerk's Office to require that all memory cards from the ten (10) drive-thru voting locations be secured and not entered or downloaded into the Tally machine until this Court issues an order on this Complaint, and that the Court reject any votes it finds were cast in violation of the Texas Election Code.

The Drive-Thru Voters now seek to intervene in this action, as Plaintiffs' claims pose a clear and direct threat to the Drive-Thru Voters' rights and interests in having their ballots counted in this election. The Drive-Thru Voters' motion is timely and they have a protectable interest that may be impacted by the outcome of this litigation, which Defendant Hollins does not adequately represent. Accordingly, this Court should find that the Drive-Thru Voters are entitled to intervene in this case as a matter of right under Rule 24(a)(2). Alternatively, the Court should grant permissive intervention under Rule 24(b) as the Drive-Thru Voters' motion is timely, raises common questions of law and fact, and will not delay or prejudice the existing parties' rights.

**III.   ARGUMENT**

    **A.   The Drive-Thru Voters are entitled to intervene as of right under Rule 24(a).**

Federal Rule of Civil Procedure 24(a) requires a court to permit timely intervention in an action by anyone who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent

3

that interest." Fed. R. Civ. P. 24(a)(2). A four-part test governs intervention of right: a movant must show (1) timeliness, (2) an interest relating to the action, (3) that the interest would be impaired or impeded by the case, and (4) that the interest may not be adequately represented by existing parties. *In re Lease Oil Antitrust Litig.*, 570 F.3d 244, 247 (5th Cir. 2009); *see also Ross v. Marshall*, 426 F.3d 745, 761 (5th Cir. 2005) (emphasizing that a movant bears only the "minimal" burden to show that representation by existing parties "may" be inadequate).

The Drive-Thru Voters satisfy the four factors and are therefore entitled to intervene as of right pursuant to Rule 24(a).

### 1. Factor One: The motion to intervene is timely.

The Drive-Thru Voters' motion to intervene is timely. Timeliness is governed by (1) the length of time between the putative intervenor's learning of his interest and his motion to intervene, (2) the extent of prejudice to existing parties from allowing late intervention, (3) the extent of prejudice to the putative intervenor if intervention is denied, and (4) any unusual circumstances. *In re Lease Oil Antitrust Litig.*, 570 F.3d at 248.

Drive-thru voting was first announced in June 2020. In the last ten days, the Texas Supreme Court has twice refrained from setting aside drive-thru votes at the request of Plaintiff Hotze. Now on October 28, 2020, six days before Election Day, Plaintiffs filed their Complaint in Federal District Court. Upon learning of Plaintiffs' lawsuit, the Drive-Thru Voters promptly retained counsel and filed this intervention within four days and in advance of Monday's hearing. Because this case is still in its infancy, no party can legitimately claim that intervention by the Drive-Thru Voters would cause any delay or prejudice the original parties. *See Sierra Club v. Espy*, 18 F.3d 1202, 1206 (5th Cir. 1994) ("[P]rejudice must be measured by the delay in seeking intervention, not the inconvenience to the existing parties of allowing the intervener to participate in the litigation.").

1022168.1

**2.  Factors Two and Three: The Drive-Through Voters have a direct, significant, and legally protectable interest that may be impaired and impeded by the outcome of this case.**

Plaintiffs request that this Court find that drive-thru voting violates the Texas Election Code and order that all ballots cast in Harris County's ten drive-thru locations be rejected and not counted in the General Election.  It is undisputed that the right to vote is fundamental. The Drive-Thru Voters—all registered voters in Harris County who cast their ballot in person and in good faith at one of the ten drive-thru polling locations—necessarily have a direct, significant and legally protected interest in ensuring their votes will be counted in this election for *all* of the races on the ballot, not just the three in which Plaintiffs are running.  *See, e.g.*, *League of United Latin Am. Citizens, Dist. 19 v. City of Boerne*, 659 F.3d 421 (5th Cir. 2011) (finding a legally-protectable interest where the intervenor sought to protect his right to vote).

The Drive-Thru Voters have also shown that this interest may be impaired and impeded by the outcome of this case.  If the Court were to find that drive-thru voting violates the Election Code and reject all ballots cast at drive-thru voting locations, then the Drive-Thru Voters' votes will not be counted for any race in this election.  "The very purpose of intervention is to allow interested parties to air their views so that a court may consider them before making potentially adverse decisions." *Brumfield v. Dodd*, 749 F.3d 339, 345 (5th Cir. 2014).  Moreover, "[f]ederal courts should allow intervention where no one would be hurt and greater justice could be attained." *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994) (internal quotation omitted).  The Drive-Thru Voters should be allowed to intervene and be heard when the outcome of this litigation may result in their effective disenfranchisement.

       **3.**      **Factor Four: Harris County Clerk Chris Hollins does not adequately represent the Drive-Through Voters' interests.**

The Drive-Thru Voters' interests are not adequately represented by Defendant. The burden to satisfy this fourth factor is "minimal." *Espy*, 18 F.3d at 1207. "The potential intervener need only show that the representation *may be* inadequate." *John Doe No. 1 v. Glickman*, 256 F.3d 371, 380 (5th Cir. 2001) (emphasis added) (internal quotation omitted). In his position as Harris County Clerk, Defendant ultimately represents the interests of Harris County. That interest is distinct from the interests of the individual Drive-Thru Voters to have their individual votes for each candidate up and down the ballot counted. Because the Drive-Thru Voters cannot rely on Defendant to protect their distinct interests, they have satisfied the fourth factor and are entitled to intervention as of right under Rule 24(a)(2).

       **B.**      **Alternatively, the Drive-Thru Voters should be granted permissive intervention under Rule 24(b).**

If a party is not entitled to intervene of right in a pending action, Federal Rule of Civil Procedure 24(b) authorizes courts to permit timely intervention when that party "has a claim or defense that shares with the main action a common question of law or fact" and intervention will not "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(1)(B), (b)(3). Accordingly, to qualify for permissive intervention, a movant must show (1) timeliness, (2) that his claim or defense and the main action have a question of law or fact in common, and (3) no undue delay or prejudice to adjudication of the existing parties' dispute. *League of United Latin Am. Citizens v. Clements,* 884 F.2d 185, 189 n. 2 (5th Cir. 1989).

If the Court does not grant the Drive-Thru Voters' motion to intervene as of right, it should exercise its discretion and permit the Drive-Thru Voters to intervene under Rule 24(b). The Drive-Thru Voters easily meet the requirements for permissive intervention under Rule 24(b). First, the Drive-Thru Voters necessarily raise common questions of law and fact, as they

seek to intervene in order to defend against Plaintiffs' claim that Harris County's drive-thru voting locations are illegal under the Texas Election Code and votes cast at these locations should therefore be invalidated and not counted on Election Day. Second, for the reasons set forth above, the motion to intervene is timely, and given the early stage of this litigation, intervention will not unduly delay or prejudice the adjudication of the rights of the original parties. Fed. R. Civ. P. 24(b)(1)(B), (b)(3).

## CONCLUSION

For the foregoing reasons, the Drive-Thru Voters respectfully request that the Court grant their Motion to Intervene as of right, or alternatively, their motion for permissive intervention. The Drive-Thru Voters further request that the Court direct the Clerk to file their Answer to Plaintiffs' Complaint for Emergency Injunctive Relief, attached hereto as **Exhibit A**, in the official records of this case.

Dated: November 2, 2020.

Respectfully submitted,

**SMYSER KAPLAN & VESELKA, L.L.P.**

*/s/ Larry R. Veselka*
Larry R. Veselka (Fed. Bar No. 6797)
State Bar No. 20555400
David Isaak (Fed. Bar No. 26694)
State Bar No. 24012887
717 Texas Avenue, Suite 2800
Houston, Texas 77002
Telephone: (713) 221-2300
Facsimile:  (713) 221-2320
lveselka@skv.com
disaak@skv.com

**ATTORNEYS FOR INTERVENOR-DEFENDANTS DRIVE-THRU VOTERS**

1022168.1

**CERTIFICATE OF CONFERENCE**

I certify that on November 1, 2020, I emailed Plaintiffs' counsel concerning the relief requested by this motion and Plaintiffs' counsel has not yet responded.

/s/ David Isaak
David Isaak

**CERTIFICATE OF SERVICE**

I certify that on November 2, 2020, I caused a copy of the foregoing document to be served on all counsel of record by the Electronic Case Filing System for the United States District Court for the Southern District of Texas.

/s/ Larry R. Veselka
Larry R. Veselka

1022168.1