# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| STEVEN HOTZE, M.D. WENDELL CHAMPION, HON. STEVE TOTH, AND SHARON HEMPHILL, | § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | Case No. 4:20-cv-03709 |
| CHRIS HOLLINS, in his official capacity as Harris County Clerk, | § § § § | |
| *Defendant,* | § § | Judge Andrew S. Hanen |
| and | § § | |
| MJ FOR TEXAS; DSCC; DCCC; MARY CURRIE; CARLTON CURRIE JR.; JEKAYA SIMMONS, and DANIEL COLEMAN, | § § § § § | |
| *Proposed Intervenor-Defendants,* | § § | |
| and | § § | |
| CHRISTINA MASSARA, ALAN MAUK, JENN RAINEY, BRIAN SINGH, MARY BACON, KIMBERLY PHIPPS-NICHOL, NYGUEN GRIGGS, NELSON VANEGAS, JESSICA GOODSPERO, AMY ASHMORE, RICHARD FRANKEL, ELAINE FRANKEL, RYAN FRANKEL, CELIA VESELKA, SERGIO ALDANA, RUSSELL "RUSTY" HARDIN, DOUGLAS MOLL, AND CAREY JORDAN, | § § § § § § § § § § § | |
| *Proposed Intervenor-Defendants.* | § § | |

## **DRIVE-THRU VOTERS' ANSWER TO COMPLAINT FOR EMERGENCY INJUNCTIVE RELIEF**

Intervenor-Defendants Christina Massara; Alan Mauk; Jenn Rainey; Brian Singh; Mary

Bacon; Kimberly Phipps-Nichol; Nyguen Griggs; Nelson Vanegas; Jessica Goodspero; Amy

Ashmore; Richard Frankel; Elaine Frankel; Ryan Frankel; Celia Veselka; Sergio Aldana; Russell "Rusty" Hardin; Douglas Moll; and Carey Jordan. ("Drive-Thru Voters"), by and through their attorneys, respectfully submit the following Answer to Plaintiffs' Complaint for Emergency Injunctive Relief ("Complaint"). Drive-Thru Voters respond to the allegations in the Complaint as follows:

## NATURE OF THE ACTION

1. Paragraph 1 contains mere characterizations, legal contentions, and conclusions which do not require a response. To the extent a response is required, the Drive-Thru Voters deny the allegations.

2. Paragraph 2 contains mere characterizations, legal contentions, and conclusions which do not require a response. To the extent a response is required, the Drive-Thru Voters deny the allegations.

## THE PARTIES

3. The Drive-Thru Voters lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 3.

4. The Drive-Thru Voters admit the allegations contained in Paragraph 4.

5. The Drive-Thru Voters admit the allegations contained in Paragraph 5.

6. The Drive-Thru Voters admit that Plaintiff Sharon Hemphill is the Republican nominee for judge of the Texas 80th District Court, Harris County, Texas. The Drive-Thru Voters further admit that Plaintiff Hemphill is on the ballot in the general election on November 3, 2020, and that she advanced from the Republican primary on March 3, 2020. The Drive-Thru Voters lack sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 6.

7. The Drive-Thru Voters admit that Defendant Chris Hollins is the Harris County Clerk. The remainder of Paragraph 7 contains mere characterizations, legal contentions, and conclusions which do not require a response.

## JURISDICTION

8. Paragraph 8 contains mere characterizations, legal contentions, and conclusions which do not require a response. To the extent a response is required, the Drive-Thru Voters deny the allegations.

## VENUE

9. The Drive-Thru Voters admit that Defendant Hollins works in Harris County. The Drive-Thru Voters lack sufficient knowledge or information to form a belief as to whether Plaintiff Steven Hotze, M.D. resides in Harris County. The remainder of Paragraph 9 contains mere characterizations, legal contentions, and conclusions which do not require a response. To the extent a response is required, the Drive-Thru Voters deny the allegations.

## STANDING

10. The Drive-Thru Voters deny the allegations contained in Paragraph 10.

11. The Drive-Thru Voters deny the allegations contained in Paragraph 11.

12. The Drive-Thru Voters admit that Plaintiff Wendell Champion is the Republican nominee for the 18th Congressional District, Harris County, Texas. The Drive-Thru Voters deny the remaining allegations contained in Paragraph 12.

13. The Drive-Thru Voters admit that Plaintiff Hemphill is also on the November 3, 2020 general election ballot in Harris County, Texas. The Drive-Thru Voters deny the remaining allegations contained in Paragraph 13.

14. The Drive-Thru Voters admit that Plaintiff Steve Toth is a member of the Texas Legislature and is also on the November 3, 2020 general election ballot. The Drive-Thru Voters deny the remaining allegations contained in Paragraph 14.

15. Paragraph 15 contains mere characterizations, legal contentions, and conclusions which do not require a response. To the extent a response is required, the Drive-Thru Voters deny the allegations.

## FACTUAL BACKGROUND

16. The Drive-Thru Voters admit that Defendant Hollins is responsible for conducting countywide elections in Harris County. The remainder of Paragraph 16 contains mere characterizations, legal contentions, and conclusions which do not require a response. To the extent a response is required, the Drive-Thru Voters deny the allegations.

17. Paragraph 17 contains mere characterizations, legal contentions, and conclusions which do not require a response. To the extent a response is required, the Drive-Thru Voters deny the allegations.

18. Paragraph 18 contains mere characterizations, legal contentions, and conclusions which do not require a response. To the extent a response is required, the Drive-Thru Voters deny the allegations.

19. Paragraph 19 contains mere characterizations, legal contentions, and conclusions which do not require a response. To the extent a response is required, the Drive-Thru Voters deny the allegations.

20. The Drive-Thru Voters lack sufficient knowledge or information to form a belief as to whether the transcription set forth in Paragraph 20 is accurate. The Drive-Thru Voters deny the remaining allegations contained in Paragraph 20.

21. Paragraph 21 contains mere characterizations, legal contentions, and conclusions which do not require a response. To the extent a response is required, the Drive-Thru Voters deny the allegations.

22. The Drive-Thru Voters deny that Harris County's drive-thru voting plan turns a car into a polling location. The Drive-Thru Voters admit that they did not exit their respective vehicles when they each cast their respective ballots. The Drive-Thru Voters further admit that they were each handed the e-slate through their car windows and cast their ballots from inside their respective vehicles. The Drive-Thru Voters lack sufficient knowledge or information to form a belief as to whether Exhibit B contains photos of voters using drive-thru voting. The remainder of Paragraph 22 contains mere characterizations, legal contentions, and conclusions which do not require a response. To the extent a response is required, the Drive-Thru Voters deny the allegations.

23. Paragraph 23 contains mere characterizations, legal contentions, and conclusions which do not require a response. To the extent a response is required, the Drive-Thru Voters deny the allegations.

24. Paragraph 24 contains mere characterizations, legal contentions, and conclusions which do not require a response. To the extent a response is required, the Drive-Thru Voters deny the allegations.

25. The Drive-Thru Voters lack sufficient knowledge or information to form a belief as to whether Harris County accounts for nearly 15 percent of all registered voters in Texas. The Drive-Thru Voters admit that to date, over 100,000 drive-thru votes have been cast in Harris County.

## COUNT I

26. The Drive-Thru Voters incorporate by reference all of their responses in the preceding and ensuing paragraphs as if fully set forth herein.

27. Paragraph 27 contains mere characterizations, legal contentions, and conclusions which do not require a response. To the extent a response is required, the Drive-Thru Voters deny the allegations.

28. Paragraph 28 contains mere characterizations, legal contentions, and conclusions which do not require a response. To the extent a response is required, the Drive-Thru Voters deny the allegations.

29. Paragraph 29 contains mere characterizations, legal contentions, and conclusions which do not require a response. To the extent a response is required, the Drive-Thru Voters deny the allegations.

30. Paragraph 30 contains mere characterizations, legal contentions, and conclusions which do not require a response. To the extent a response is required, the Drive-Thru Voters deny the allegations.

31. Paragraph 31 contains mere characterizations, legal contentions, and conclusions which do not require a response. To the extent a response is required, the Drive-Thru Voters deny the allegations.

32. Paragraph 32 contains mere characterizations, legal contentions, and conclusions which do not require a response. To the extent a response is required, the Drive-Thru Voters deny the allegations.

33. Paragraph 33 contains mere characterizations, legal contentions, and conclusions which do not require a response. To the extent a response is required, the Drive-Thru Voters deny the allegations.

34. Paragraph 34 contains mere characterizations, legal contentions, and conclusions which do not require a response. To the extent a response is required, the Drive-Thru Voters deny the allegations.

35. Paragraph 35 contains mere characterizations, legal contentions, and conclusions which do not require a response. To the extent a response is required, the Drive-Thru Voters deny the allegations.

36. Paragraph 36 contains mere characterizations, legal contentions, and conclusions which do not require a response. To the extent a response is required, the Drive-Thru Voters deny the allegations.

37. Paragraph 37 contains mere characterizations, legal contentions, and conclusions which do not require a response. To the extent a response is required, the Drive-Thru Voters deny the allegations.

38. Paragraph 38 contains mere characterizations, legal contentions, and conclusions which do not require a response. To the extent a response is required, the Drive-Thru Voters deny the allegations.

39. Paragraph 39 contains mere characterizations, legal contentions, and conclusions which do not require a response. To the extent a response is required, the Drive-Thru Voters deny the allegations.

40. Paragraph 40 contains mere characterizations, legal contentions, and conclusions which do not require a response. To the extent a response is required, the Drive-Thru Voters deny the allegations.

41. The Drive-Thru Voters lack sufficient knowledge or information to form a belief as to whether Sen. Paul Bettencourt made the statement attributed to him in Paragraph 41. The remainder of Paragraph 41 contains mere characterizations, legal contentions, and conclusions which do not require a response. To the extent a response is required, the Drive-Thru Voters deny the allegations.

42. Paragraph 42 contains mere characterizations, legal contentions, and conclusions which do not require a response. To the extent a response is required, the Drive-Thru Voters deny the allegations.

43. Paragraph 43 contains mere characterizations, legal contentions, and conclusions which do not require a response. To the extent a response is required, the Drive-Thru Voters deny the allegations.

44. Paragraph 44 contains mere characterizations, legal contentions, and conclusions which do not require a response. To the extent a response is required, the Drive-Thru Voters deny the allegations and specifically deny that the requested relief set forth in Paragraph 44 is warranted or appropriate.

45. Paragraph 45 contains mere characterizations, legal contentions, and conclusions which do not require a response. To the extent a response is required, the Drive-Thru Voters deny the allegations and specifically deny that the requested relief set forth in Paragraph 44 is warranted or appropriate.

## AFFIRMATIVE DEFENSES

46. The Drive-Thru Voters assert the following affirmative and other defenses. The Drive-Thru Voters reserve the right to amend and/or supplement their affirmative defenses as additional facts become known.

47. Plaintiffs lack standing to assert their claims.

48. This Court lacks subject-matter jurisdiction to adjudicate Plaintiffs' claims.

49. Plaintiffs have failed to show they have suffered an irreparable harm entitling them to the relief they seek.

50. Plaintiffs have failed to state a claim upon which the relief they seek can be granted.

51. Plaintiffs' claims are not ripe under the Election Code.

52. Plaintiffs' claims are barred by the doctrine of laches.

53. Plaintiffs' claims are barred by the doctrine of waiver.

## PRAYER FOR RELIEF

The Drive-Thru Voters respectfully request that this Court:

a. Deny all relief requested by Plaintiffs;

b. Dismiss the Complaint in its entirety with prejudice; and

c. For all other and further relief, at law or in equity, to which the Drive-Thru Voters are entitled.

1022178.1.doc

Dated:  November 2, 2020.

Respectfully submitted,

**SMYSER KAPLAN & VESELKA, L.L.P.**

*/s/  Larry R. Veselka*
Larry R. Veselka (Fed. Bar No. 6797)
State Bar No. 20555400
David Isaak (Fed. Bar No. 26694)
State Bar No. 24012887
717 Texas Avenue, Suite 2800
Houston, Texas 77002
Telephone: (713) 221-2300
Facsimile:  (713) 221-2320
lveselka@skv.com
disaak@skv.com

**ATTORNEYS FOR INTERVENOR-DEFENDANTS DRIVE-THRU VOTERS**

**CERTIFICATE OF SERVICE**

I certify that on November 2, 2020, I caused a copy of the foregoing document to be served on all counsel of record by the Electronic Case Filing System for the United States District Court for the Southern District of Texas.

*/s/ Larry R. Veselka*
Larry R. Veselka