IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

STEVEN HOTZE, M.D., WENDELL CHAMPION, HON. STEVE TOTH, AND SHARON HEMPHILL,

Plaintiffs,

v.

CHRIS HOLLINS, in his official capacity as Harris County Clerk,

Defendant.

Civil No.4:20-cv-03709

**MOTION OF 12 CITIES AND COUNTIES FOR LEAVE TO FILE BRIEF AS *AMICI CURIAE* IN OPPOSITION TO PLAINTIFFS' REQUEST FOR EMERGENCY INJUNCTIVE RELIEF**

Jessica N. Witte
THOMPSON & HORTON LLP
8300 N. MoPac Expressway, Suite 220
Austin, TX 78759
T: 512.615.2352
F: 512.597.1681
jwitte@thompsonhorton.com

November 2, 2020

Jonathan B. Miller, Legal Director
Victoria Stilwell, Staff Attorney
PUBLIC RIGHTS PROJECT
4096 Piedmont Avenue #149
Oakland, CA 94611

Lauren E. Miller
Special Assistant State's Attorney
Jessica M. Scheller
Chief; Advice, Business & Complex Litigation Division
Cook County State's Attorney's Office
500 Richard J. Daley Center
Chicago, IL 60602

**INTRODUCTION**

Proposed *amici*, a collection of 12 cities and counties,[1] respectfully seek leave of the Court pursuant to Local Rules 7.1 and 7.2(b) to submit the attached *amici curiae* brief in opposition to Plaintiffs' request for emergency injunctive relief. Defendant, Proposed Intervenor-Defendants MJ for Texas, et al., and Proposed Intervenor-Defendants League of Women Voters of Texas, et al. have consented to the filing of the proposed brief. Plaintiffs have not taken a position.

*Amici* are local governments that administer and/or facilitate federal, state, and local elections.[2] *Amici* also provide a wide range of essential services that enable residents to live healthy, stable, and productive lives, including, for example, the provision of healthcare through local clinics, hospitals, and emergency medical services. The COVID-19 pandemic has added significant and new challenges to election administration this year. To mitigate the health risks associated with contact outside of the home such as voting in person, *amici* have adjusted election protocols to ensure that voters can access the ballot and participate in the franchise. These changes have included the promotion of mail-in ballots and other alternatives to in-person voting. At the same time, local jurisdictions also have had to confront an erosion in confidence in the United States Postal Service and actual delays that have slowed receipt and return of ballots across the country. The promotion of additional methods to return ballots or cast a vote (in addition to in person on Election Day) has been crucial to *amici*'s response to the shifting landscape.

---

[1] Proposed *amici* are the following cities and counties: Cook County, Illinois; City of Austin, Texas; City of Alameda, California; City of Boston, Massachusetts; City of Chicago, Illinois; City of Seattle, Washington; City of Somerville, Massachusetts; City of St. Paul, Minnesota; City of West Hollywood, California; County of Santa Clara, California; Milwaukee County, Wisconsin; and Travis County, Texas.

[2] *See* Karen L. Shanton, Cong. Rsch. Serv., R45549, *The State & Local Role in Election Administration: Duties and Structure* 7 (2019) (describing local governments' role in implementing elections), https://perma.cc/4VJU-LUVK.

All *amici* have a vested interest in ensuring that elections are run effectively and fairly, protecting the fundamental rights of their constituents, and fulfilling their statutory obligations to run and support elections while complying with public health orders and recommendations. *Amici* submit this brief to offer their deep expertise in the administration of elections, particularly in the current public health and logistical environment, and to strongly support the ability of Harris County to protect votes already cast and to make voting accessible and available to its entire voting populace.

**ARGUMENT**

Courts have "discretion to consider 'amicus' briefing where 'the proffered information is timely and useful or otherwise necessary to the administration of justice.'" *United States ex rel. Gudur v. Deloitte Consulting LLP*, 512 F. Supp. 2d 920, 927-28 (S.D. Tex. 2007) (quoting *Waste Management of Pa. v. City of York*, 162 F.R.D. 34, 36 (M.D. Pa. 1995)). In particular, amicus briefs should be allowed "when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *United States ex rel. Long v. GSD & M Idea City LLC*, No. 3:11-CV-1154-O, 2014 WL 11321670, at *4 (N.D. Tex. Aug. 8, 2014) (quoting *Ryan v. Cmty. Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir.1997)).

*Amici*'s motion seeking leave to file should be granted. As an initial matter, *amici*'s proposed amicus brief is submitted within three days of the Plaintiffs' filing of their motion for emergency injunctive relief and within hours of Defendant's response. It is therefore "timely."[3]

[3] Under Federal Rule of Appellate Procedure 29(a), parties have seven days from the date that an appellate brief is filed to submit an amicus brief in support of the party filing that brief. Although the Federal Rules of Appellate Procedure do not expressly govern the district court, they are instructive here. *See, e.g.*, *U.S. v. Olis*, CIV.A. H-07-3295, 2008 WL 620520, at *8 (S.D. Tex. Mar. 3, 2008).

*See United States ex rel. Gudur*, 512 F. Supp. 2d at 927-28. The proposed submission also will amplify the presentation of issues before the Court due to *amici*'s role as election administrators.[4] Consequently, *amici* have a deep and distinctive understanding of Harris County's efforts to fulfill its statutory obligations and ensure fair and effective election administration during a pandemic, which is highly relevant to the disposition of the case.

If accepted, Plaintiffs' contention that Harris County's utilization of drive-thru voting violates the Equal Protection Clause of the Fourteenth Amendment would significantly affect *amici*'s adherence to longstanding practices of election administration that are tailored to local variations in population, demographics, density, and other factors. Thus, proposed *amici* respectfully submit that they have "sufficient interest in the outcome of the litigation to warrant leave to file th[is] amicus brief[]." *In re Allied Pilots Class Action Litig.*, No. 3:99-cv-0480P, 2000 WL 1405235, at *1 n.1 (N.D. Tex. Sept. 26, 2000).

The proposed brief also sheds light on the third and fourth factors of the preliminary injunction standard, the relative harms to the parties (including third parties impacted by the ruling) and assessing the public interest at stake. More than 127,000 voters have cast their ballots via drive-thru voting in Harris County. As local governments that are tasked with administering elections, *amici* know that the burden on Harris County and its voters to overcome the invalidation of votes already cast on the eve of Election Day would be extraordinary.

In sum, *amici*'s perspective as local governments offer useful and timely assistance to the Court. The proposed brief amplifies the presentation made by Defendant by setting forth the

---

[4] *See generally* Nat'l Conf. of State Legislatures, *Election Administration at State and Local Levels* (Feb. 3, 2020), https://www.ncsl.org/research/elections-and-campaigns/election-administration-at-state-and-local-levels.aspx (last visited Nov. 2, 2020).

potential consequences to local election administration of granting Plaintiffs' motion as well as the depth and scope of the harm to the county and the public interest.

**CONCLUSION**

For the foregoing reasons, *amici* request that they be granted leave to file their proposed brief as *amici curiae*.

Respectfully submitted,

**THOMPSON & HORTON LLP**

By: //s// Jessica N. Witte
Jessica N. Witte
Texas Bar No. 24095026
Southern District No. 2963452

Attorney-in-Charge

8300 N. MoPac Expressway, Suite 220
Austin, Texas 78759
(512) 615-2352 (telephone)
(512) 597-1681 (facsimile)
jwitte@thompsonhorton.com

Jonathan B. Miller, Legal Director
Victoria Stilwell, Staff Attorney
PUBLIC RIGHTS PROJECT
4096 Piedmont Avenue #149
Oakland, CA 94611

Lauren E. Miller
Special Assistant State's Attorney
Jessica M. Scheller
Chief; Advice, Business & Complex
Litigation Division
Cook County State's Attorney's Office
500 Richard J. Daley Center
Chicago, IL 60602

*Counsel for Amici Cities and Counties*

Dated: November 2, 2020

**CERTIFICATE OF CONFERENCE**

Pursuant to the Local Rules and Standing Orders and Procedures of this Court, I hereby certify that counsel for *Amici* Cities and Counties conferred with counsel for Defendant regarding this motion, and Defendant consents to the relief requested in the motion. *Amici*'s counsel conferred with counsel for Proposed Defendant-Intervenors MJ for Texas, et al. regarding this motion, and Proposed Defendant-Intervenors consent to the relief requested in the motion. *Amici*'s counsel conferred with counsel for Proposed Defendant-Intervenors League of Women Voters of Texas, et al. and Proposed Defendant-Intervenors consent to the relief requested in the motion.

*Amici*'s counsel Jonathan B. Miller attempted to contact counsel for Plaintiffs, Jared R. Woodfill, by email at 10:17 p.m. CT on October 31, 2020 and again by email at 3:07 p.m. CT on November 1, 2020. No response was received to either message.

*Amici* are aware of and wish to comply with Section 7(c)(3) of this Court's Civil Procedures, which state that the conference requirement under Local Civil Rule 7.1 will not be considered "satisfied by an unsuccessful attempt to reach opposing counsel occurring less than two full business days before a motion is filed." However, given that Plaintiffs expressly seek emergency relief in this suit, and that Election Day is just one business day from now, *amici* respectfully request that this Court consider their attempts to reach Plaintiffs' counsel sufficient to satisfy Local Rule 7.1.

Certified to on November 2, 2020

*/s/ Jessica N. Witte*
Jessica N. Witte

**CERTIFICATE OF SERVICE**

I hereby certify that on November 2, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which automatically serves notification of the filing on counsel for all parties.

*/s/ Jessica N. Witte*
Jessica N. Witte