

KEN PAXTON
ATTORNEY GENERAL OF TEXAS

October 16, 2020

Dear Texas Elections Officials:

Some political subdivisions throughout Texas have expanded their use of "curbside" voting this election season to offer expansive "drive-thru" voting to all registered voters. This letter serves as a notice and reminder that the Election Code provides curbside voting as an option only to those who meet a certain, narrow set of criteria. Curbside voting is not, as some have asserted contrary to Texas law, an option for any and all voters who simply wish to vote from the comfort of their cars when they are physically able to enter the polling place.

The Texas Election Code provides that "[e]ach polling place shall be located inside a building." Tex. Elec. Code § 43.031(b). The Code makes no provision for polling places located outdoors, in parking lots, or in parking structures. More specifically, the Code makes no provision for "drive-thru" voting centers at which any voter may cast a ballot from his or her vehicle regardless of physical condition.

The Code does, however, provide a limited allowance for "curbside" voting for those who face certain barriers to entering established polling places. Specifically, an election official may provide a ballot to a registered voter "at the polling place entrance or curb" only if the voter is "physically unable to enter the polling place without personal assistance or likelihood of injuring the voter's health." Tex. Elec. Code § 64.009(a). But if a voter can enter the polling place on his or her own without a likelihood of injury, then it is unlawful for an election official to allow that voter to cast a ballot outside the polling place.

While election officials should not ordinarily question a voter's good-faith representation that the voter is physically unable to enter a polling place, officials should not actively encourage voters to engage in unauthorized curbside voting when they fail to meet the requisite legal criteria. Fear of COVID-19 does not render a voter physically unable to cast a ballot inside a polling place without assistance. Accordingly, election officials should not advise voters that such fear qualifies them to cast a curbside ballot.

EXHIBIT C

Post Office Box 12548, Austin, Texas 78711-2548 • (512) 463-2100 • www.texasattorneygeneral.gov

Elections must be held in compliance with these Election Code provisions. Encouraging or facilitating election operations that violate these rules is unlawful and could result in legal liability for political subdivisions and their officials. My office is committed to enforcing our State's laws to ensure safe, free, and fair elections.

Sincerely,

Ken Paxton
Attorney General of Texas