## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| STEVEN HOTZE, M.D., WENDELL CHAMPION, HON. STEVE TOTH, AND SHARON HEMPHILL, *Plaintiffs*, | ) ) ) ) ) ) | |
| v. | ) ) | Civil Action No. 4:20-cv-03709-ASH |
| CHRIS HOLLINS, in his official capacity as Harris County Clerk, *Defendant*. | ) ) ) ) | **DAVID AND BETTYE HOBBS'** |
| and | ) ) ) | **MOTION TO INTERVENE AND MEMORANDUM OF LAW IN SUPPORT** |
| MJ FOR TEXAS; DSCC; DCCC; MARY CURRIE; CARLTON CURRIE; JEKAYA SIMMONS; and DANIEL COLEMAN, *Proposed Intervenor-Defendants* | ) ) ) ) ) ) ) | |
| and | ) ) | |
| DAVID AND BETTYE HOBBS *Additional Proposed Intervenor-Defendants* | ) ) ) ) | |

## MOTION TO INTERVENE AND MEMORANDUM OF LAW IN SUPPORT

David Hobbs and Bettye Hobbs are residents of Harris County that voted on the first day of early voting at a drive-through voting location in Harris County. Those votes, and indeed our democratic system of government, are threatened by Plaintiffs, who seek to invalidate the good faith votes of David, Bettye, and over one-hundred thousand other Texans who utilized the drive-through voting implemented by Harris County. Accordingly,

David Hobbs and Bettye Hobbs respectfully move to intervene as a matter of right under FRCP 24 (a)(2) and alternatively move for permissive intervention under FRCP 24(b)(1)(B).

## INTRODUCTION

> *"Undeniably the Constitution of the United States protects the right of all qualified citizens to vote, in state as well as in federal elections." Reynolds v. Sims*, 377 U.S. 533, 554 (1964).

Without any apparent sense of irony Plaintiffs invoked the passage above in their assault on the fundamental voting rights of over one-hundred thousand Texans. They claim to do so under the banner of protecting the integrity of election. But their complaint lays bare their true goal: a partisan attack to throw out votes for their political rivals. *See* Complaint at 16 (identifying the voting locations as "Democratic strongholds"). In doing so they seek to re-write our Constitution, replacing a government formed by "we the people" with one selected according to whims of the Plaintiffs and their favored party.

The repugnance of Plaintiffs' efforts is amplified by their underhanded methods. They did not file suit months ago when drive through voting was announced. They did not file suit in the weeks before early voting began. Instead, they filed suit at the very end of the early voting period, mere days before the election. As a result, the fate of the votes of over one-hundred thousand Texans, made in good faith and full compliance with county and state guidance, is now uncertain. And many of those Texans have no notice, no notion at all, that Plaintiffs are attacking their rights. Should Plaintiffs' suit succeed, those Texans will be left with no time and no practical mechanism of protecting or exercising their right to vote. This is in contravention of their rights to due process and equal protection under

the law. U.S. CONST. amend. XIV, § 1. *See also Burdick v. Takushi*, 504 U.S. 428, 433, 112 S. Ct. 2059, 2063, 119 L. Ed. 2d 245 (1992) (It is beyond cavil that "voting is of the most fundamental significance under our constitutional structure.")

Perhaps most reprehensible is the fact that this attack on our democracy comes from those who should protect it: a member of Texas House of Representatives sworn to "preserve, protect and defend the Constitution and laws of the United States and of this state" and two other individuals who seek to be elected to public office.

## BACKGROUND

In the midst of the most severe health crisis in recent history, David and Bettye Hobbs sought to a way to safely exercise both the right and the duty to vote. Of concern for them was their two unborn baby girls and risks they faced associated with the SARS-CoV-2 pandemic. Because Bettye was scheduled for a c-section on October 30th, 2020, the couple were determined to vote as soon as possible lest complications or hospitalization prevent Bettye from voting. Harris County's drive-thru voting stations presented an ideal solution, providing both convenience and safety. Accordingly, the couple voted at a drive-thru polling station early in the morning on October 13, the first day of early voting.

On October 30th the Hobbs family welcomed two new baby girls into the world. And those girls were lucky, as they were born into a nation that cherished life and liberty and, though it has not always been perfect, strived to better itself and the lives of its citizens. Further, those girls would one day be given the opportunity to participate in the grand experiment of democracy that has been the cornerstone of American life. Plaintiffs jeopardize that future.

Bettye and David Hobbs did not learn of Plaintiffs' challenge to their votes until the following day while pursuing the internet from their hospital room. Now the Hobbs family is left with a question: will their girls grow up in a country with a government "of the people, by the people, and for the people[?]" Or will their country be replaced with one where only the right people allowed to participate, only the right votes are counted, and where liberty gives way to tyranny.

## ARGUMENT

Pursuant to Federal Rule of Civil Procedure 24(a), a court must permit a third party to intervene as of right in a litigation if four conditions are met: (1) the motion to intervene is timely; (2) the potential intervener asserts an interest that is related to the property or transaction that forms the basis of the controversy in the case into which she seeks to intervene; (3) the disposition of that case may impair or impede the potential intervener's ability to protect her interest; and (4) the existing parties do not adequately represent the potential intervener's interest. *John Doe No. 1 v. Glickman*, 256 F.3d 371, 375 (5th Cir. 2001).

All four requirements are met here.

(1) The motion is timely as it was brought within days of Plaintiff's suit being filed.

(2) David and Bettye have interest in the suit, namely that their votes and their rights are not invalidated.

(3) The disposition of this case could annihilate intervenors' right to vote in current election.

(4) Existing parties do not adequately represent intervenors' interests to have their specific votes counted. Rather, the Harris County Clerk has to consider the interests of the public at large and his particular duties as clerk. Those competing interests may prevent him from adequately representing the votes of David and Bettye.

More fundamentally, the Court should not lose sight of Plaintiffs' aim. Plaintiffs are not simply seeking the general prevention of certain voting procedures. Rather, Plaintiffs want to affirmatively take away the votes—cast in good faith reliance on election officials—of thousands of people. Allowing Plaintiffs to proceed with this direct attack on the interests of David, Bettye and the hundred thousand plus other drive-thru voters without giving each voter an opportunity to be heard is antithetical to due process and equal protection.

## CONCLUSION

Proposed intervenors David and Bettye Hobbs respectfully request the court to grant their motion for intervention as a matter of right or in alternative grant them permissive intervention.

Dated November 2, 2020

/s/ David L. Hobbs
**FLEMING, NOLEN & JEZ, LLP**
David L. Hobbs (ID No. 2553083)
ATTORNEY IN CHARGE
Rand P. Nolen (ID No. 19007)
2800 Post Oak Blvd., Suite 4000
Houston, TX 77056-6109
Telephone: (713) 621-7944
Facsimile: (713) 621-9638
Email: david_hobbs@fleming-law.com
Email: rand_nolen@fleming-law.com
*Counsel for David and Bettye Hobbs*

## CERTIFICATE OF CONFERENCE

Pursuant to the Local Rules and Standing Orders and Procedures of this Court, I hereby certify that counsel for David and Bettye Hobbs attempted to confer with counsel for Defendant regarding this motion via electronic mail at woodfillservice@gmail.com and jwoodfill@woodfilllaw.com on Sunday November 1 at 8:11 p.m. Plaintiffs have not responded.

Intervenor-Defendants are aware of Section 7(c)(3) of this Court's Civil Procedures. However, given the timing of Plaintiffs' suit days before the election, David and Bettye's discovery of the suit on Saturday October 31, and that Election Day is just two business days from now, Intervenor-Defendants respectfully request that this Court consider their attempts to reach Plaintiffs' counsel sufficient to satisfy Local Rule 7.1.

/s/ David L. Hobbs
David L. Hobbs

## CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which automatically serves notification of the filing on counsel for all parties.

/s/ David L. Hobbs
David L. Hobbs

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| STEVEN HOTZE, M.D., WENDELL CHAMPION, HON. STEVE TOTH, AND SHARON HEMPHILL, *Plaintiffs*, | ) ) ) ) ) ) | |
| v. | ) ) | Civil Action No. 4:20-cv-03709-ASH |
| CHRIS HOLLINS, in his official capacity as Harris County Clerk, *Defendant*. | ) ) ) ) | **DECLARATION OF DAVID HOBBS** |
| and | ) ) | |
| MJ FOR TEXAS; DSCC; DCCC; MARY CURRIE; CARLTON CURRIE; JEKAYA SIMMONS; and DANIEL COLEMAN, *Proposed Intervenor-Defendants* | ) ) ) ) ) ) ) | |
| and | ) ) | |
| DAVID AND BETTYE HOBBS *Additional Proposed Intervenor-Defendants* | ) ) ) ) | |

Pursuant to 20 U.S.C. § 1746, I, David Hobbs, declare as follows:

1. My name is David Hobbs. I am over the age of 18, have personal knowledge of the facts stated in this declaration, and can competently testify to their truth.

2. Both my wife, Bettye Hobbs, and I are currently registered voters in Harris County, Texas.

3. On the first day of early voting in Harris County, my wife, and I voted using Harris County's drive-thru voting at Resurrection Metropolitan Community Church. The process felt safe and secure. For example, we both had to show our IDs and sign the register before being permitted to vote.

4. We chose to vote using drive-thru voting because my wife was pregnant, and we had been advised to treat her as at higher risk should she contract COVID-19. We were also concerned at the possibility of our unborn babies being affected by the disease.

5. Neither of us were aware of this suit until October 31, 2020.

6. We are now worried that our ballots may not be counted even though we did all my election officials asked of us.

7. We are also concerned as to whether there is any legal method to ensure our votes are counted.

I declare under penalty of perjury that the foregoing is true and correct.

Date: November 2, 2020

/s/ David L. Hobbs
David L. Hobbs