IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT
OF TEXAS HOUSTON DIVISION

| | |
|---|---|
| STEVEN HOTZE, M.D.; WENDELL CHAMPION; HON. STEVE TOTH; and SHARON HEMPHILL,<br><br>Plaintiffs,<br><br>v.<br><br>CHRIS HOLLINS, in his official capacity as Harris County Clerk,<br><br>*Defendants*,<br><br><br>MJ FOR TEXAS; DSCC; DCCC; MARY CURRIE; CARLTON CURRIE JR.; JEKAYA SIMMONS; and DANIEL COLEMAN, LEAGUE OF WOMEN VOTERS OF TEXAS; JOY DAVIS-HARASEMAY, DIANA UNTERMEYER, MICHELLE COLVARD, KAREN VIDOR, MALKIA HUTCHINSON-ARVIZU, ANTON MONTANO, HELEN ANICE SHELTON, and ELIZABETH FURLER, and STEPHANIE SHAWN STEPHENS, JERELYN MATTHIS GOODEN, GLENDA LEE GREENE, MICHELE ROYER, and JAMIE LYN WATSON,<br><br>*Proposed Intervenor-Defendants*. | No. 4:20-cv-03709 |

# PROPOSED INTERVENOR-DEFENDANTS' AMENDED EMERGENCY MOTION TO INTERVENE AND INCORPORATED MEMORANDUM OF LAW

Proposed Intervenor-Defendants move to intervene[1] in this action as defendants in order to protect their fundamental right to vote. Stephanie Shawn Stephens, Jerelyn Matthis Gooden, Glenda Lee Greene, Michele Royer, and Jamie Lyn Watson are voters who cast ballots in the

---

[1] Movants filed their original motion earlier on Nov. 2, 2020 at Doc. No. 36.

1

2020 election in Harris County using the approved drive-thru voting process. They relied upon, the safe and convenient mechanism of drive-thru voting offered by their local government. Plaintiffs' lawsuit, and the relief they seek, would retrospectively obviate Proposed Intervenor-Defendants' votes and to vitiate their participation in the 2020 election.

"There is no right more basic in our democracy than the right to participate in electing our political leaders." *McCutcheon v. FEC*, 572 U.S. 185, 191 (2014). Intervention is therefore warranted. This motion is timely; Proposed Intervenor-Defendants have a substantial legal interest in the subject matter of the pending action; their ability to protect their interests will be impaired absent intervention; and Defendant may inadequately represent their interests. Proposed Intervenor-Defendants are therefore entitled to intervene as of right under Federal Rule of Civil Procedure 24(a)(2). In the alternative, the Court should permit Proposed Intervenor-Defendants to intervene under Federal Rule of Civil Procedure 24(b)(1)(B). For these reasons, and for the reasons explained further below, the Court should grant Proposed Intervenor-Defendants' motion to intervene.

## DESCRIPTION OF PROPOSED INTERVENOR-DEFENDANTS

Stephanie Shawn Stephens is a registered Republican voter in Harris County. She retired from her law practice three years ago because of several autoimmune diseases. She must avoid any crowded locations, which is why she chose to use drive-thru voting at the Houston Community College polling place. See exhibit A.

Glenda Lee Greene voted at NRG Arena. She is 74 years old and suffers from asthma and other conditions, and has been advised by her doctor to avoid crowds as much as possible due to the risk of contracting COVID-19. She chose drive-thru voting because of these risks, and concerns about mail-in ballots. See exhibit B.

Michele Royer is a widow with a young son, and wanted to avoid any risk of contracting

COVID-19. She uses a prosthetic leg, and standing in long lines is very painful. Voting on election day, Nov. 3, 2020, would be nearly impossible for her as her son is at home, and she teaches community college online classes. See exhibit C.

Jerelyn Matthis Gooden voted at the Toyota Center. She is 86 years old and the widow of an army chaplain. Her internist advised her not to be in confined spaces with other people to avoid the risk of contacting COVID-19. She cannot stand for long periods of time, or walk long distances, and uses a rollator. She relied on instructions from Harris County that her drive-thru vote would be counted. See exhibit D.

Jamie Lynn Watson elected to vote using the drive-thru process, at NRG Arena. She chose this option because of her fear of contracting COVID and infecting her 82-year-old mother, with whom she lives. If she is forced now to vote on election day, she will have to choose between accepting that risk or giving up the right to vote. See exhibit E.

## STATEMENT OF THE ISSUES

The Proposed Intervenor-Defendants respectfully move pursuant to Federal Rule of Civil Procedure 24 to intervene in this action.

## SUMMARY OF THE RGUMENT

Proposed Intervenor-Defendants are entitled to intervention as of right under Rule 24(a). Their motion is timely, made only four days after the start of this litigation. They seek to protect their interest in their fundamental right to vote, and absent intervention their ability to do so will be impaired. Defendant Harris County, as a government entity, may be inadequate in representing Proposed Intervenor-Defendants' distinct interests. Alternatively, permissive intervention is warranted. There is no undue delay, nor will intervention result in prejudice to the original parties' rights.

**ARGUMENT**

**I.      Proposed Intervenor-Defendants Are Entitled to Intervene as of Right Under Rule 24(a)(2).**

Nonparties may intervene in an action when: (1) the application for intervention is timely; (2) the Proposed Intervenor-Defendants have an interest relating to the property or transaction which is the subject of the action; (3) the Proposed Intervenor-Defendants are so situated that the disposition of the action may, as a practical matter, impair or impede their ability to protect that interest; and (4) the Proposed Intervenor-Defendants' interests are inadequately represented by the existing parties to the suit. *Int'l Tank Terminals, Ltd. v. M/V Acadia Forest,* 579 F.2d 964, 967 (5th Cir. 1978); Fed. R. Civ. P. 24(a)(2). Here, Proposed Intervenor-Defendants satisfy each of these elements.

**A.      Proposed Intervenor-Defendants' Motion Is Timely.**

This motion is timely. Courts "evaluate timeliness in the context of all relevant circumstances." *Ross v. Marshall*, 426 F.3d 745, 754 (5th Cir. 2005). The Fifth Circuit has enumerated four factors for determining the timeliness of a motion to intervene, all of which militate in favor of allowing the participation of Proposed Intervenor-Defendants: (1) the amount of time during which intervenors "actually know or reasonably should have known of [their] interest in the case;" (2) how much prejudice existing parties may suffer as a result of intervenors' failure to request intervention "as soon as [they] knew or reasonably should have known about [their] interest in the action;" (3) the amount of prejudice that would be suffered by the intervenors if their request is denied; and (4) "the existence of unusual circumstances militating either for or against a determination that the application is timely." *Stallworth v. Monsanto Co.*, 558 F.2d 257, 264-66 (5th Cir. 1977).

The most important factor in determining whether intervention is timely is whether any

4

delay in seeking intervention will prejudice the existing parties to the case. *See, e.g.*, *McDonald v. E.J. Lavino Co.*, 430 F.2d 1065, 1073 (5th Cir. 1970) ("In fact, this may well be the only significant consideration when the proposed intervenor seeks intervention of right."); *accord Jones v. Caddo Par. Sch. Bd.*, 735 F.2d 923, 946 (5th Cir. 1984) ("Prejudice is the heart of the timeliness requirement."). Where intervention will not delay resolution of the litigation, intervention does not prejudice the parties and should be allowed, so long as the proposed intervenor satisfies the criteria of Rule 24(a). *Texas v. United States*, 802 F. Supp. 481, 482 n.1 (D.D.C. 1992) (affirming the propriety of granting intervention); *Cummings v. United States*, 704 F.2d 437, 441 (9th Cir. 1983) (finding that the trial court abused its discretion by denying intervention in the absence of a showing of prejudice to the government).

Proposed Intervenor-Defendants' motion easily meets the *Stallworth* factors. They are cognizant of the Court's interest in a prompt resolution of this case and are similarly eager for a prompt resolution. This case is in its infancy and, under the circumstances, there is no danger of delay or disruption of the proceedings and no party will be prejudiced by the proposed intervention. Plaintiffs filed suit on October 28, 2020, and Proposed Intervenor-Defendants moved to intervene a mere four days later, before the scheduled preliminary injunction hearing in this case. Because the last day to vote in the election at issue is November 3, 2020, this action has the potential to endanger Proposed Intervenor-Defendants' already-cast ballots. At a minimum, any relief awarded to Plaintiffs, whether partial or total, will implicate Intervenor-Defendants' rights to vote, including by discounting or casting a shadow on their votes already cast, or requiring that they take immediate steps to ensure they can vote on Election Day and these votes are counted while putting their health and that of family members at great risk. Proposed Intervenor-Defendants would suffer extreme prejudice if they cannot defend and protect their right to vote in the present action.

### B. Proposed Intervenor-Defendants Have a Substantial Legal Interest in the Case.

The Fifth Circuit has explained that a substantial legal interest is "an interest that is concrete, personalized, and legally protectable." *Texas v. United States*, 805 F.3d 653, 658 (5th Cir. 2015). It has further held that the right to vote in an election is such an interest. *See League of United Latin Am. Citizens, Dist. 19 v. City of Boerne*, 659 F.3d 421, 434 (5th Cir. 2011) ("*LULAC, Dist. 19*") (intervenor had substantial interest in "his right to vote in elections to choose all five city council members"). The test for determining the sufficiency of intervenors' interest is a non-stringent, "practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *Ross v.Marshall*, 426 F.3d 745, 757 (5th Cir. 2005) (internal citations and quotation marks omitted).

Plaintiffs seek an injunction rejecting all ballots cast through drive-thru voting. Proposed Intervenor-Defendants seek to intervene to protect their interest in their fundamental right to vote. *See Burdick v. Takashi*, 504 U.S. 428, 433 (1992) ("It is beyond cavil that voting is of the most fundamental significance under our constitutional structure.") (internal citation and quotations omitted); *Wesberry v. Sanders*, 376 U.S. 1, 17 (1964) ("No right is more precious in a free country than that of having a voice in the election of those who make the laws under which, as good citizens, we must live."); *see also Hatten v. Rains*, 854 F.2d 687, 693 (5th Cir. 1988) ("Limitations on ballot access nonetheless burden two fundamental rights: the right of individuals to associate for the advancement of political beliefs, and the right of qualified voters, regardless of their political persuasions to cast their votes effectively."). Included within the right to vote "secured by the Constitution, is the right of qualified voters within a state to cast their ballots and have them counted." *United States v. Classic*, 313 U.S. 299, 315 (1941).

Proposed Intervenor-Defendants include registered voters from both political parties, who seek to have their vote counted and engage in our democratic process. They thus have a special

6

interest in the outcome of this litigation and can offer a unique local perspective to the issues before the Court.

### C. Proposed Intervenor-Defendants' Ability to Protect Their Interests Will Be Impaired Absent Intervention.

Proposed Intervenor-Defendants are also "so situated that disposing of th[is] action may as a practical matter impair or impede th[eir] ability to protect [their] interest" in protecting their voting rights and preventing further constitutional injury. Fed. R. Civ. P. 24(a)(2). Proposed Intervenor-Defendants meet the "minimal" burden to show that "the disposition of the action 'may' impair or impede their ability to protect their interests." *Brumfield v. Dodd*, 749 F.3d 339, 344 (5th Cir. 2014).

In this suit, Plaintiffs seek to "reject any votes" the Court finds were cast unlawfully. Compl. at 17. If successful, the votes already cast by Proposed Intervenor-Defendants in every race that was on their ballot would not be counted. Moreover, the election at issue in this suit will take place on November 3, 2020. Given this impending deadline, Proposed Intervenor-Defendants have no alternative to intervening in this lawsuit to protect their interests. If the Court grants the requested injunctive relief, Proposed Intervenor-Defendants, and nearly 127,000 other voters—all of whom cast ballots using a method of voting designed to conform with the Texas Election Code, in concert with the Texas Secretary of the State, and which the Texas Supreme Court has permitted to stand despite *two* attempts to challenge it—will have to scramble to understand how, if at all, they may vote, cast replacement votes, or, due to the ongoing health emergency and myriad other factors, cast no vote at all. As a practical matter, denying intervention would result in voters being unable to contest the arguments put forth by the Plaintiffs and ensure their already-cast ballots are counted. *See Sierra Club v. Espy*, 18 F.3d 1202, 1207 (5th Cir. 1994).

7

### D. Defendant May Inadequately Represent Proposed Intervenor-Defendants' Interests.

The final requirement for intervention as of right is that the applicant's interest must not be adequately represented by existing parties. Fed. R. Civ. Pro. 24(a)(2). A proposed intervenor need not show that the representation by existing parties will be inadequate. *Entergy Gulf States Louisiana, L.L.C. v. U.S. E.P.A.*, 817 F.3d 198, 203 (5th Cir. 2016). All that is required is the "minimal" burden of showing that the representation "may be" inadequate. *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n. 10 (1972).

Harris County may not fully represent Proposed Intervenor-Defendants' interests. As a government entity, it must "represent the broad public interest." *Sierra Club*, 18 F.3d at 1208. Accordingly, financial pressures and institutional constraints may shape the County's litigation strategy. *Sierra Club v. Glickman*, 82 F.3d 106, 110 (5th Cir. 1996) (concluding that interests of government and proposed intervenor "will not necessarily coincide, even though, at this point, they share common ground" and intervenor has "more flexibility" in advocating its position).

Proposed Intervenor-Defendant individuals have distinct interests from municipalities. *LULAC, Dist. 19*, 659 F.3d at 434-35 (finding voter's interest sufficient to challenge consent decree entered into by municipality). They are members of both political parties and registered voters at serious risk of disenfranchisement with no possibility for cure.

### II. Alternatively, Proposed Intervenor-Defendants Should Be Granted Permissive Intervention.

In the alternative, the Court should grant Proposed Intervenor-Defendants permissive intervention. The Court may permit intervention by a Proposed Intervenor who files a timely motion and "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). The Court should permit intervention where it "will [not] unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P.

24(b)(3).

Proposed Intervenor-Defendants would raise many common questions of law and fact, including the legality of drive-thru voting, the standing of Plaintiffs to pursue this suit, the viability of the asserted claims under the Elections Clause, whether the suit is barred by the nearness of the election and the reliance interests of voters, whether injunctive relief of the type requested is appropriate at this stage, and others. Resolution of these questions is central to both the original parties' dispute and Proposed Intervenor-Defendants' claims.

In no way can intervention be said to unduly delay or prejudice the original parties' rights. Defendant Hollins announced the drive-thru voting program in June and executed a successful pilot program in July. For the General Election, drive-thru voting began on October 13, 2020. Plaintiffs brought this suit after *two weeks* of early voting and over 100,000 votes had been cast. Proposed Intervenor-Defendants acted as quickly as they could, after learning of Plaintiffs' suit.

## **CONCLUSION**

For the foregoing reasons, the Court should grant the Proposed Intervenor-Defendants' motion.

Respectfully submitted,

By: */s/ Kenneth R. Barrett*
Kenneth Royce Barrett
Texas Bar No.  01812200
S.D. Tex. Bar No. 12045
KENNETH ROYCE BARRETT LAW
3740 Greenbriar St. #541873
Houston, Texas 77254
Tel: (281) 433-0837
Fax: (346) 980-4615
Email: KennethRoyceBarrettLaw@yahoo.com

and

Charles S. Siegel

9

>Texas Bar No. 18341875
>S.D. Tex. Bar No. 15736
>WATERS & KRAUS, LLP
>3141 Hood Street, Suite 700
>Dallas, Texas 75219
>Tel: (214) 357-6244
>Fax: (214) 357-7252
>E-mail: siegel@waterskraus.com
>
>COUNSEL FOR PROPOSED INTERVENOR-DEFENDANTS JERELYN GOODN, STEPHANIE SHAWN STEPHENS, AND GLENDA GREENE

## **CERTIFICATE OF CONFERENCE**

Pursuant to the Local Rules and Standing Orders and Procedures of this Court, I hereby certify that as counsel for movant Intervenor-Defendants, I attempted to confer with counsel for plaintiffs, defendants, and other proposed intervenors by e-mail at approximately 8:45am on November 2, 2020. Counsel for Defendant and all proposed intervenor-defendants indicated that they did not oppose this motion. I did not receive a response from counsel for plaintiffs.

Movants are aware of and wish to comply with Section 7(c)(3) of this Court's Civil Procedures, which state that the conference requirement under Local Civil Rule 7.1 will not be considered "satisfied by an unsuccessful attempt to reach opposing counsel occurring less than two full business days before a motion is filed." However, given that Plaintiffs expressly seek emergency relief in this suit, that a hearing has been scheduled for this morning, and that Election Day is just one business day from now, Intervenor-Defendants respectfully request that this Court consider their attempts to reach all counsel sufficient to satisfy Local Rule 7.1.

>/s/ Charles S. Siegel
>Charles S. Siegel

## CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which automatically serves notification of the filing on counsel for all parties.

/s/ Charles S. Siegel
Charles S. Siegel