United States Courts
Southern District of Texas
FILED
November 02, 2020
David J. Bradley, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Steven Hotze, M.D., Wendell Champion, Hon. Steve Toth, and Sharon Hemphill,<br><br>*Plaintiffs*,<br><br>v.<br><br>Chris Hollins, in his official capacity as Harris County Clerk,<br><br>*Defendant*. | Civil Action<br><br>No. 4:20-cv-03709-ASH |

**Brief on Behalf of *Amicus Curiae* the Libertarian Party of Texas in Support of Defendant**

Jared G. LeBlanc
Texas Bar No. 24046279
Fed. I.D. 575408
jleblanc@gamb.com
Brandon A. O'Quinn
Texas Bar No. 24092914
boquinn@gamb.com

GORDON, ARATA, MONTGOMERY, BARNETT,
    MCCOLLAM, DUPLANTIS & EAGAN, LLC

2229 San Felipe
Suite 1100
Houston, Texas 77019
713.333.5500

**Attorneys for the Libertarian Party of Texas**

Page 1

## Interest of Amicus Curiae

Amicus curiae is the Libertarian Party of Texas ("LPTexas"). LPTexas' fundamental platform is to create "a world of liberty; a world in which all individuals are sovereign over their lives and no individuals are forced to sacrifice their values for the benefit of others."[1] LPTexas has federal candidates on the ballot in each of Texas' 254 counties.[2]  The results of those elections have significant implications for LPTexas' ballot *access* in the next election cycles.

LPTexas is required under the Election Code to nominate its candidates by convention. Its nomination procedures are framed by Chapter 181 of the Texas Election Code. As a qualified political party, LPTexas has "ballot status," meaning, the Libertarians are entitled to have nominees appear on the general election ballot. However, to maintain the ballot status, LPTexas must receive at least 2% of the votes in a statewide race. *See* TEX. ELEC. CODE § 181.006(c). If LPTexas does not achieve the vote threshold, the Election Code does provide an "alternative" method of ballot qualification, but it is virtually unattainable for a third-party. *See id*. at § 181.005(a).

It should go without saying that LPTexas supports the right of every eligible voter to have his or her vote counted. And if the Court adopts Plaintiffs' interpretation of Texas law, LPTexas, its federal candidates, and its members will suffer injury in this election cycle. They will suffer as to their rights of association and ballot access.

---

[1] *See* Libertarian Party of Texas State Platform, available online at http://www.lptexas.org/platform, last visited August 31, 2020.
[2] Because the Elections Clause only applies to federal elections, LPTexas files this brief only on behalf of its interest in its federal candidates.

No counsel for a party authored this brief in whole or in part and no person or entity, other than amicus curiae and their counsel, has contributed money that was intended to or did fund the preparation or submission of this brief.

### Argument

LPTexas, its federal candidates, and its voters are yet again in peril of being collateral damage to the ongoing battle between the two major political parties. The Court should not be their enabler. No matter how they cast it, Plaintiffs' case is asking this federal court to interpret Texas law which the Supreme Court of Texas has twice declined to do.

Plaintiffs' argument is at its core a results-based interpretation that will inflict direct harm on the people of Harris County and would have long lasting implications for LPTexas' rights of ballot *access* in this state. *See* TEX. ELEC. CODE § 181.006. In a tacit acknowledgement that the use of drive-thru polling locations squares with the plain language of the Election Code, Plaintiffs turn to a novel (yet strained) argument. Essentially, their argument goes, because drive-thru voting has some common characteristics with curbside voting, the Court should impose Plaintiffs' results-based interpretation on the statute.

LPTexas faced a similar argument this year, and the Supreme Court of Texas rejected it. *See In re Tex. House Republican Caucus PAC*, ____ S.W.3d ____, 20-0663, 2020 WL 5351318 (Tex. Sept. 5, 2020). *Id.* In *Republican House Caucus*, the petitioners argued that the court should disregard the statutory language because the nature of the statutory requirement was more substantively similar to a process requirement than an eligibility requirement. The Supreme Court of Texas rejected that interpretation and interpreted the statute as it was written, declining to rewrite the statute. *Id.* The same principle applies here. Drive-thru voting complies with

Section 85.062 of the Election Code, and that compliance is not undermined by the existence of another form of voting.[3]  The votes should be counted.

                           Respectfully submitted,

By: */s/ Jared G. LeBlanc*
     Jared G. LeBlanc
     Texas Bar No. 24046279
     Fed. I.D. 575408
     jleblanc@gamb.com

Brandon A. O'Quinn
Texas Bar No. 24092914
boquinn@gamb.com

GORDON, ARATA, MONTGOMERY, BARNETT,
    MCCOLLAM, DUPLANTIS & EAGAN, LLC

2229 San Felipe
Suite 1100
Houston, Texas 77019
713-333-5500

### Certificate of Service

    I certify that on November 2, 2020, I served a true and correct copy of this paper on all counsel of record through the Clerk's ECF system.

                           */s/ Jared G. LeBlanc*
                           Jared G. LeBlanc

---

[3] Plaintiffs' arguments about "assistance" are similarly flawed because the Election Code is specific and narrow about what constitutes "assistance."  *See* TEX. ELEC. CODE § 64.0321.