United States District Court
Southern District of Texas
**ENTERED**
November 02, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| STEVEN F. HOTZE M.D., *et al*, § § § Plaintiffs, § VS. § CIVIL ACTION NO. 4:20-CV-3709 § CHRIS HOLLINS, *et al*, § § § Defendants. § | |

## ORDER

Before the Court are multiple motions to intervene filed on behalf of individual early drive through voters and political entities. The Court grants the motions to intervene on behalf of voters who have already voted in a drive through polling location and defers ruling on those made by political entities.

Pursuant to Federal Rule of Civil Procedure 24(a), a court must permit a third party to intervene as of right if four elements are met: (1) the motion to intervene is timely; (2) the potential interveners assert an interest that is related to the property or transaction that forms the basis of the controversy in the case into which she seeks to intervene; (3) the disposition of that case may impair or impede the potential intervener's ability to protect her interest; and (4) the existing parties do not adequately represent the potential intervener's interest.

First, the motions to intervene were timely. Second, as citizens who have cast early voting drive-through votes, voter-interveners clearly have an interest related to the transaction that forms the basis of the controversy. The crux of the controversy is whether votes that have already been cast by drive-through voting were cast legally, and if not, whether the law requires that those votes be nullified. Having already voted, voter-interveners have a concrete interest in the sanctity of their

votes. Third, the Court's ruling on the legality of votes already cast, and any related consequences of such a ruling could impede the voter-interveners ability to protect their interests in those votes. Finally, neither of the parties necessarily represents the interests of a voter who has already cast her ballot. Therefore, the Court grants the right to intervene to those who have early voted via drive through.

The Court **GRANTS** the Drive-Thru Voters' Motion to Intervene (Doc. No. 28), the various individual voters' Motion to Intervene (Doc. No. 44), David and Bettye Hobbs' Motion to Intervene (Doc. No. 40), and Stanley Schneider's Motion to Intervene (Doc. No. 51). To the extent the following motions are filed on behalf of individuals who have already voted, the Court **GRANTS IN PART AND DEFERS IN PART** the motions filed by MJ for Texas (Doc. No. 5), Texas State Conference of NAACP Branches (Doc. No. 16), and League of Women Voters of Texas (Doc. No. 26). To the extent those or other remaining motions to intervene are filed on behalf of political committees or entities that are not individuals who have voted, the Court defers ruling as well. Since this Court is dismissing the case-in-chief, it finds their intervention to be moot. If this decision is reversed and the case is remanded back to this Court, the Court will in the future consider their interventions if a properly filed motion is presented.

Signed at Houston, Texas, this 2nd day of November, 2020.

Andrew S. Hanen
United States District Judge

2