IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| STEVEN HOTZE, M.D., WENDELL CHAMPION, HON. STEVE TOTH, AND SHARON HEMPHILL, <br><br> Plaintiffs, <br><br> v. <br><br> CHRIS HOLLINS, in his official capacity as Harris County Clerk, <br><br> Defendant. | ) <br> ) <br> )   Civil Action No. 4:20-cv-3709 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## DEFENDANT'S RESPONSE TO SHOW CAUSE ORDER

THE ALEXANDER FIRM, PLLC
Joseph R. Alexander, JR.
*Of Counsel*
Texas Bar No. 00995150
Federal ID No. 1368
Two Greenway Plaza, Suite 650
Houston, Texas 77046
Telephone:    (713) 344-2094
Facsimile:    (713)513-5543
joe@alexanderfirmpllc.com

MITHOFF LAW
Richard Warren Mithoff
*Attorney of Record*
Texas Bar No. 14228500
Federal ID No. 2102
rmithoff@mithofflaw.com
Janie L Jordan
Texas Bar No. 11012700
Federal ID No. 17407
jjordan@mithofflaw.com
Sherie Potts Beckman
Texas Bar No. 16182400
Federal ID No. 11098
sbeckman@mithofflaw.com
500 Dallas Street, Suite 3450
Houston, Texas 77002
Telephone:    (713) 654-1122
Facsimile:    (713) 739-8085

**ATTORNEYS FOR DEFENDANT**

TO THE HON. ANDREW HANEN, UNITED STATES DISTRICT JUDGE:

Defendant respectfully files this response to the Court's Show Cause Order dated December 3, 2021.[1]

The Fifth Circuit issued its judgment on November 30, 2021.  It stated that the judgment of this Court was "AFFIRMED IN PART and REVERSED IN PART, and the cause is REMANDED to the District Court for further proceedings in accordance with the opinion of this Court."  Doc. 68.  On December 3, this Court ordered the parties to file responses "as to why this case should not be dismissed."  Doc. 70.  In fact, it *should* be dismissed (and in truth, it already has been).

This Court dismissed this case for lack of standing.  Doc. 63 at 1, 9.  The Court correctly observed that "Article III of the Constitution limits federal jurisdiction to 'Cases' and 'Controversies.'  One component of the case or controversy requirement is standing."  *Id.* at 2 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).  Thus, in the absence of a justiciable controversy, this matter was dismissed for lack of subject-matter jurisdiction.  *Id.*

The Fifth Circuit affirmed that dismissal order, in part on standing grounds and in part on mootness grounds.  *See Hotze v. Hudspeth*, 16 F.4th 1121, 1123-25 (5th Cir. 2021).  Both grounds implicate subject-matter jurisdiction.

---

[1] During the appeal to the Fifth Circuit, a newly-elected Harris County Clerk, Teneshia Hudspeth, was substituted for Chris Hollins as the defendant-appellee.

Mootness, like standing, involves the case-or-controversy test of Article III. "[A] case or controversy must exist at all stages of the litigation, not just at the time the suit was filed." *Lopez v. City of Houston*, 617 F.3d 336, 340 (5th Cir. 2010). Thus, this Court's judgment of dismissal for want of jurisdiction was affirmed on two distinct but related grounds.

The Fifth Circuit left no doubt that the jurisdictional dismissal was affirmed; its opinion is explicit: "we AFFIRM the district court's denial of injunctive relief *and the district court's dismissal of Plaintiffs' claims for want of jurisdiction.*" *Hotze*, 16 F.4th at 1125 (emphasis added). Accordingly, this Court lacks jurisdiction to conduct any further proceedings in this matter.

True, the Fifth Circuit's judgment also stated that this Court's judgment was "REVERSED IN PART" and "REMANDED to the District Court for further proceedings in accordance with the opinion of this Court," Doc. 68, but that decree was just an imprecise reference to the opinion's explanation that the court of appeals "vacated" the advisory portions of this Court's opinion: "Since the district court likewise lacked jurisdiction, we also VACATE its advisory discussion of the legality of drive-thru voting without offering any opinion as to the merits of that reasoning." *Hotze*, 16 F.4th at 1125. This Court may wish to vacate those portions of its order that constituted an advisory opinion (though the Fifth Circuit has done so already). But without jurisdiction, there is nothing else for the Court to do.

## CONCLUSION

This Court's judgment of dismissal for want of jurisdiction was affirmed,

leaving nothing for this Court to adjudicate.  Thus, the case should be dismissed.

Respectfully submitted,

*/s/ Richard Warren Mithoff*
Richard Warren Mithoff
*Attorney of Record*
Texas Bar No. 14228500
Federal ID No. 2102
rmithoff@mithofflaw.com
Janie L. Jordan
Texas Bar No. 11012700
Federal ID No. 17407
jjordan@mithofflaw.com
Sherie Potts Beckman
Texas Bar No. 16182400
Federal ID No. 11098
sbeckman@mithofflaw.com
MITHOFF LAW
500 Dallas Street, Suite 3450
Houston, Texas 77002
Telephone:     (713) 654-1122
Facsimile:     (713) 739-8085

OF COUNSEL:
Joseph R. Alexander, JR.
THE ALEXANDER FIRM, PLLC
Texas Bar No. 00995150
Federal ID No. 1368
Two Greenway Plaza, Suite 650
Houston, Texas 77046
Telephone:     (713) 344-2094
Facsimile:     (713)513-5543
joe@alexanderfirmpllc.com

**ATTORNEYS FOR DEFENDANT**

3

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record via the Court's electronic filing system pursuant to the Federal Rules of Civil Procedure on December 16, 2021.

> */s/ Richard Warren Mithoff, Jr.*
> Richard Warren Mithoff, Jr.

4